STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM F. MICHALIS, PLAINTIFF IN ERROR.

Submitted March 22, 1923—Decided November 10, 1923.

1. Section 51 of the Crimes act (*Pamph. L.* 1898, *p.* 808, as amended *Pamph. L.* 1906, *p.* 101) makes criminal "any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people," whether the act be openly and publicly done or whether done in private in the presence of no one except the two participants. The test is whether the acts committed have the tendency indicated; if they have, then it is immaterial where and under what conditions they were committed.

2. Where a leading question was put and, upon objection, excluded, and a question in proper form was substituted and answered, no error can be predicated thereon, even though the witness' attention was thereby drawn to what was wanted of him, where the matter to which the original question related was one that could be properly laid before the jury.

3. The fact that the prosecutor of the pleas put an improper question to a witness, and made an improper statement in arguing its admissibility, is no reason for reversal where the trial judge excluded the question and distinctly instructed the jury to disregard both the question and statement of the prosecutor.

4. The violation by a witness of an order for the separation and exclusion of witnesses will not deprive the state, whose witness he is, of the benefit of his testimony, where the state was without fault.

On writ of error to the Burlington County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Palmer & Powell.*

For the defendant in error, *Jonathan H. Kelsey,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.    The plaintiff in error was convicted on an indictment charging that he "did, in private, commit certain acts of lewdness and carnal indecency with James Drake, grossly scandalous and tending to debauch the morals and manners of the people," which acts were more particularly set forth in the indictment. The crime charged is that denounced in section 51 of the Crimes act as amended by *Pamph. L.* 1906, *p.* 101.  *Comp. Stat., p.* 1762.  The proofs showed the commission of the sodomitical acts set forth with particularity in the indictment.

The principal ground upon which the conviction is attacked

is that the proofs do not bring it within the statute; that is to say that this act did not tend to debauch the morals and manners of the people, being committed in the presence of no one except the two participants.

We think there is no merit in that contention.

Originally section 51 read as follows: "Any person who shall be guilty of open lewdness, or any notorious act of public indecency, grossly scandalous, and tending to debauch the morals and manners of the people, shall be guilty of a misdemeanor." *Pamph. L.* 1898, *p.* 808. This section was amended in 1906 by adding after the words "morals and manners of the people" the following words: "Or any person who shall in private be guilty of any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people," and then concluded as originally, "shall be guilty of a misdemeanor."

It will be perceived that the section in its original form struck at open lewdness or acts of public indecency, the natural tendency of which was to debauch the morals and manners of the people. The *addendum* of 1906 makes punishable acts of lewdness or carnal indecency, which, if committed in public, tend to debauch the morals and manners of the people, even when committed in private. As a result the statute in its present form makes criminal "any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people," whether the act be openly and publicly done or whether done in private in the presence of no one except the two participants. In other words, the test is whether the acts committed have the tendency indicated if committed in public, if they have, then it is immaterial where and under what conditions they were committed. We therefore think that the evidence in the present case brings the defendant within the condemnation of the statute.

The next assignment of error is that the judge permitted the witness Drake "to answer a leading question after objection made to it."

But that assignment is not well founded in point of fact. The situation was this: A leading question was put and upon objection was excluded and a question in proper form was substituted and answered. It seems clear that error cannot be predicated thereon, even though the witness' attention was thereby drawn to what was wanted from him, where, as here, the matter to which the original question related was one that could be properly laid before the jury. An improper question can always be replaced by a proper one, and if an objectionable suggestion has been made inadvertently this result is an incident of that imperfection attaching to all that man does and from which judicial procedure is not free. Of course intentional persistent misconduct of examination in this respect may be prevented by the power vested in trial courts to regulate the conduct of counsel at the bar. *Allen* v. *Hartford Life Insurance Co.,* 72 *Conn.* 693; 45 *Atl. Rep.* 955.

The next two assignments of error are based upon the refusal of the trial judge to withdraw a juror and declare a mistrial. Both were based upon the ground that the prosecutor of the pleas put improper questions to the witnesses Napier and Cromwell, and made improper statements in arguing their admissibility. But that constitutes no reason for reversal where, as here, the judge excluded the questions and distinctly instructed the jury to disregard both the questions and the statements of the prosecutor.

The next assignment of error is that the court committed error requiring reversal in permitting two of the state's witnesses to be called in rebuttal after they had been sitting in the court room listening to the trial.

We think that this contention is without merit. It seems to be based on the alleged fact that the court, at the beginning of the trial, made an order for the separation and exclusion of witnesses. But the violation of such an order by a witness will not deprive the state, whose witness he is, of the benefit of his testimony where, as here, the state was without fault. See cases collected in 38 *Cyc.* 1372, and in 1 *Thomp. Trials* (1st ed.) 257, § 281.

The last contention is that the court erred in refusing to strike out the testimony of Drake and Napier with reference to the commission of the crime upon the evening of July 3d. A sufficient answer is that the motion came too late.

. The judgment will be affirmed, with costs.