THE STATE OF NEW JERSEY, DEFENDANT IN ERROR,. v. EDWARD E. WHITE, PLAINTIFF IN ERROR.

Submitted October 6, 1942—Decided November 20, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff in error, *Robert J. McCurrie.*

For the state, *William A. Wachenfeld,* Prosecutor of the Pleas, and *James L. McKenna,* Assistant Prosecutor.

The opinion of the court was delivered by

PARKER, J.    The writ brings up a conviction under an indictment charging that the defendant, on, &c.; at, &c., "Was in private guilty of an act of lewdness, grossly scandalous and tending to debauch the morals and the manners of the people by engaging in certain acts and practices so obscene and indecent that a minute description of the same would be offensive to the Court and improper to be placed upon the record thereof, wherefore a fuller description of the same is not set forth."

The evidence for the state tended to show that the defendant had enticed a little girl of seven years into his home and committed an act of disgusting indecency with her.    When the state rested, counsel for defendant moved a direction of acquittal on several grounds, only one of which need be considered, viz., that the indictment did not charge a crime. The motion was denied, was renewed at the close of the evidence and again denied.

We are compelled to the conclusion that there was legal error in the denial of the motion, and that in consequence there must be a reversal. The language of the statute is as follows: "Any person who shall be guilty of open lewdness, or any notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people, or who shall in private be guilty of any act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people, shall be guilty of a misdemeanor." The clause particularly relevant is "Or who shall in private be guilty of any act of lewdness or carnal indecency with another." The fundamental point argued is whether an act of private lewdness is in violation of the statute if committed with no other person present. The language of the statute, particularly in connection with its history, indicates the contrary. In the 1874 revision of the Crimes Act (*Rev.* 1877 (at *p.* 234)), section 42 reads: "Every person who shall be guilty of *open* lewdness, or any notorious acts of *public* indecency," &c. This language was considered in *Van Houten* v. *State,* 46 *N. J. L.* 16. In 1906 the legislature added the clause: "or any person who shall *in private* be guilty of any act of lewdness or carnal indecency *with another."* *Pamph. L., p.* 101. The words deemed important have been italicised. The section appears unchanged in the Revision of 1937.

The argument for the state is that the two words "with another" relate only to carnal indecency and not to lewdness. We have some difficulty in distinguishing the two: but assuming a difference, we are unable to see any force in this claim. The original crime involved publicity. The legislature added the clause "or any person who shall in private," &c. In *State* v. *Michalis,* 99 *N. J. L.* 31, the clause was treated as an entire clause, and properly so. To say that when the legislature added this clause it intended to make an act of "carnal indecency" criminal only when committed with another, and an act of "lewdness" criminal when committed in private and alone, seems both unreasonable and to require the clause to be subdivided by a comma after "lewdness" where none appears in the act.

We conclude that the judgment must be reversed. It is suggested that the objection to the indictment should have been taken before the jury was sworn: but the decisions are to the contrary. *State* v. *Callary,* 108 *N. J. L.* 462, 464, and cases cited.