## KREMEN ET AL. *v.* UNITED STATES.

No. 162.   Argued March 6, 1957.—Decided May 13, 1957.

*Norman Leonard* argued the cause and filed a brief for petitioners.

*Kevin T. Maroney* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Tompkins, Harold D. Koffsky, Philip R. Monahan* and *Carl G. Coben.*

PER CURIAM.

Of petitioners' various contentions we find the one relating to the validity of the search and seizure made by agents of the Federal Bureau of Investigation dispositive of this case, and we therefore need not consider the others.

The indictment charged the three petitioners with relieving, comforting, and assisting one Thompson, a fugitive from justice, in violation of 18 U. S. C. § 3, and with conspiring to commit that offense in violation of 18 U. S. C. § 371.   In addition, it charged petitioners Kremen and

Coleman with harboring Steinberg, also a fugitive from justice, and with conspiring to commit that offense. Petitioners were found guilty, and on appeal their convictions were sustained, one judge dissenting. 231 F. 2d 155. Because of the unusual character of the search and seizure here involved, we granted certiorari, without, however, limiting the writ. 352 U. S. 819.

Thompson and Steinberg had been fugitives from justice for about two years when agents of the Federal Bureau of Investigation discovered them, in the company of Kremen, Coleman and another, at a secluded cabin near the village of Twain Harte, California. After keeping the cabin under surveillance for some 24 hours, the officers arrested the three petitioners and Thompson. Thompson and Steinberg were arrested outside the cabin; Kremen and Coleman, inside. The agents possessed outstanding arrest warrants for Thompson and Steinberg, but none for Kremen and Coleman. These four individuals were searched and documents found on their persons were seized. In addition, an exhaustive search of the cabin and a seizure of its entire contents were made shortly after the arrests. The agents possessed no search warrant. The property seized from the house was taken to the F. B. I. office at San Francisco for further examination. A copy of the F. B. I.'s inventory of the property thus taken is printed in the appendix to this opinion, *post,* p. 349.

The majority of the Court are agreed that objections to the validity of the search and seizure were adequately raised and preserved. The seizure of the entire contents of the house and its removal some two hundred miles away to the F. B. I. offices for the purpose of examination are beyond the sanction of any of our cases. While the evidence seized from the persons of the petitioners might have been legally admissible, the introduction against each of petitioners of some items seized in the

house in the manner aforesaid rendered the guilty verdicts illegal. The convictions must therefore be reversed, with instructions to grant the petitioners a new trial.

*Reversed.*

MR. JUSTICE BURTON and MR. JUSTICE CLARK dissent, believing that the items of evidence offered and admitted into evidence were legally seized. They are of the opinion that the validity of a seizure is not to be tested by the quantity of items seized. Validity depends on the circumstances of the seizure as to each of the items that is offered into evidence. Furthermore, only a fragmentary part of the items listed by the Court as seized was admitted into evidence and if any items were illegally seized their effect should be governed by the rule of harmless error since there was ample evidence of guilt otherwise.

MR. JUSTICE WHITTAKER took no part in the consideration or decision of this case.