VON CLEEF ET AL. *v.* NEW JERSEY.

No. 837.   Decided June 23, 1969.

*Herald Price Fahringer* for petitioners.

*Paul Murphy* for respondent.

PER CURIAM.

The petitioners were convicted in a New Jersey trial court of conspiring to maintain a building for purposes of lewdness and to commit acts of lewdness, N. J. Rev. Stat. §§ 2A:98–1, 2A:133–2, 2A:115–1; permitting a building to be used for purposes of lewdness, N. J. Rev. Stat. § 2A:133–2 (b); and possessing with intent to utter obscene publications, N. J. Rev. Stat. § 2A:115–2. Their convictions were affirmed by the Superior Court, Appellate Division, 102 N. J. Super. 102, 245 A. 2d 495, and the Supreme Court of New Jersey denied review, 52 N. J. 499, 246 A. 2d 456. The petitioners make several arguments, but their principal contention is that evidence introduced at their trial was secured in violation of the Fourth and Fourteenth Amendments.

Petitioner Von Cleef was arrested on the third floor of a 16-room house in which she and petitioner Beard lived. Although no search warrant had been issued, several policemen proceeded to search the entire house for a period of about three hours. They eventually seized several thousand articles, including books, magazines, catalogues, mailing lists, private correspondence (both opened and unopened), photographs, drawings, and film. The petitioners' motion to suppress was denied, and "a considerable number" of the items seized were introduced into evidence by the prosecution and "commented upon by several witnesses during the trial." 102 N. J. Super., at 109, 245 A. 2d, at 499.

The petitioners attack the New Jersey courts' conclusion that the search and seizures described above were constitutionally permissible as being incident to a valid arrest. This challenge would unquestionably be well founded if today's decision in *Chimel* v. *California, ante,* p. 752, were given retroactive application. But we need not decide here whether *Chimel* should be applied retroactively. For even under the constitutional standards prevailing before *Chimel,* see *United States* v. *Rabinowitz,* 339 U. S. 56; *Harris* v. *United States,* 331 U. S. 145, the search and seizures involved here were constitutionally invalid.

New Jersey relies primarily on *United States* v. *Rabinowitz, supra,* in which this Court upheld the search of a one-room business office and the seizure of 573 stamps with forged overprints. But the Court's opinion in *Rabinowitz* specifically referred to the factors that were thought to make the search in that case reasonable:

"(1) the search and seizure were incident to a valid arrest; (2) the place of the search was a business room to which the public, including the officers, was invited; (3) the room was small and under the immediate and complete control of respondent;

(4) the search did not extend beyond the room used for unlawful purposes; (5) the possession of the forged and altered stamps was a crime, just as it is a crime to possess burglars' tools, lottery tickets or counterfeit money." 339 U. S., at 64.

Although the arrest of petitioner Von Cleef may for our purposes be assumed to have been lawful (the petitioners argue that it was not), the factual circumstances here are otherwise quite different from those of *Rabinowitz.* Even the facts of *Harris* v. *United States, supra*—in which the search of a four-room apartment and the seizure of an envelope containing altered Selective Service documents were sustained on the ground that they were contemporaneous with a lawful arrest—are a far cry from those of this case. While *Rabinowitz* made the principles governing searches accompanying arrests unfortunately hazy, see *Chimel* v. *California, supra,* at 766, we have no hesitation in concluding that the action of the police here in combing a three-story, 16-room house from top to bottom and carting away several thousand papers, publications, and other items cannot under any view of the Fourth Amendment be justified as "incident to arrest." Like the search and "mass seizure" in *Kremen* v. *United States,* 353 U. S. 346, see *Abel* v. *United States,* 362 U. S. 217, 239, such action is simply "beyond the sanction of any of our cases." 353 U. S., at 347.

Accordingly, the petition for a writ of certiorari is granted, the judgment below is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Mr. Justice Black and Mr. Justice White concur in granting certiorari but dissent from reversal of the judgment and remand of the case without a hearing.

Mr. Justice Harlan, concurring in the result.

Unfortunately, I remain unconvinced that the search in this case may be properly distinguished from the search tolerated by the Court in *Harris* v. *United States,* 331 U. S. 145 (1947). Nor do I believe that our decision in *Kremen* v. *United States,* 353 U. S. 346 (1957) proscribes this search. *Kremen* simply prohibits the police from seizing the entire contents of a building indiscriminately, without considering whether the property they take is relevant to the crime under investigation; it does not bar the removal of all property that may reasonably be considered evidence of crime. The Appellate Division of the New Jersey Superior Court properly found that the police in the case before us did not engage in the practice condemned in *Kremen:* "[T]he search was extensive, but under the circumstances it was reasonable . . . *the items searched for and seized related to the criminal operation for which the arrest had been made."* (Emphasis supplied.) Surely, there is no reason to condemn a search as resulting in a "mass seizure" simply because it uncovers abundant evidence of wrongdoing. And yet, that is what the Court does today in relying on *Kremen* to decide this case.

Consequently, I am obliged to reach the question whether the stricter Fourth Amendment standards announced today in *Chimel* v. *California, ante,* p. 752, govern this case; for in my view, it is only if *Chimel* is applicable that we may legitimately reverse the judgment of the New Jersey courts. Since I have reached the conclusion that all cases still subject to direct review by this Court should be governed by any "new" rule of constitutional law announced in our decisions, see my dissent in *Desist* v. *United States,* 394 U. S. 244, 256 (1969), I join in the Court's judgment.