**UNITED STATES of America,**
Plaintiff-Appellee,

v.

**Shirley Darlene SANDY,** Defendant-Appellant.

No. 23919.

United States Court of Appeals
Ninth Circuit.

Jan. 20, 1970.

1. 18 U.S.C. § 2113(a) (b).

 

Mario P. Gonzalez, Montebello, Cal., for defendant-appellant.

Thomas E. Kotoske, Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BARNES, MERRILL and KIL-KENNY, Circuit Judges.

PER CURIAM.

Appellant was convicted of passing a forged United States Government check.

■ (1) She claims that some of the evidence used against her at trial (two lamps) was the product of an unlawful search and seizure, and should have been suppressed. Assuming *arguendo,* that appellant had standing to move to suppress evidence obtained from the home of an acquaintance, the seizure was nevertheless lawful. It is not contended that entry into that home was unlawful in any respect. Once entry had been made the lamps were in plain view, so that no search was involved. See Davis v. United States, 327 F.2d 301 (9th Cir. 1964).

■ (2) Appellant was charged under Count I with theft from the United States Mails (18 U.S.C. § 1705) and under Count II with uttering a forged writing (18 U.S.C. § 495). She claims she was placed in double jeopardy by retrial on Count II when Count I had been dismissed at the first trial. (It ended in a hung jury.) While the two counts were closely related, they charged distinct offenses and the evidence required for conviction under those offenses is not identical. Appellant was thus not placed under double jeopardy.

■ (3) Appellant also contends that the court's inadvertent reading of Count I to the jury at the second trial was so prejudicial as to require reversal. We disagree. Once the mistake was discovered, Count I was withdrawn from consideration by the jury, and suitable instructions to disregard it were given the jury. Consequently, any resulting prejudice was eliminated.

Judgment affirmed.