UNITED STATES of America,
Plaintiff,

v.

Robert Anthony WATT, Defendant.

Crim. No. 43067.

United States District Court,
N. D. California.

Feb. 10, 1970.

F. Steele Langford, Asst. U. S. Atty.,
San Francisco, Cal., for plaintiff.

Michael Stepanian, San Francisco,
Cal., for defendant.

## OPINION AND ORDER DENYING MOTION TO SUPPRESS

GERALD S. LEVIN, District Judge.

The issue here is whether a search and a seizure pursuant thereto were valid when made without a warrant, but pursuant to an arrest, and which covered a search for LSD tablets in a vacant lot adjacent to the defendant's home.

**330**

### I. *The Chimel Case is Inapplicable Since Not Retroactive*

The most recent Supreme Court authority on the scope of searches conducted pursuant to arrest is Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) wherein several earlier cases were overruled as the Court narrowed the permissible scope of a search in a dwelling. It limited searches without warrants to the defendant's person and the area within his immediate control—that from which he might gain possession of a weapon or destructible evidence. *Chimel* at 763, 89 S.Ct. 2034.

*Chimel*, however, is not dispositive here because it appears likely that it was intended to apply prospectively only, and because even on its facts *Chimel* seems inapposite, since it dealt solely with the search of a dwelling.

No ruling on its possible retroactive effect was made in *Chimel*, and a per curiam opinion decided the same day casts doubt on whether it would be applied retroactively. In Von Cleef v. New Jersey, 395 U.S. 814, 815, 89 S.Ct. 2051, 2052, 23 L.Ed.2d 728 (1969) the Court said:

> This challenge would unquestionably be well founded if today's decision in Chimel v. California, *ante*, [395 U.S.] p. 752 [89 S.Ct. 2034, 23 L.Ed.2d 685], were given retroactive application. But we need not decide here whether *Chimel* should be applied retroactively.

■ Recently, however, the Ninth Circuit has been presented with the question and has decided that *Chimel* does not apply to searches conducted before June 23, 1969, the date of the *Chimel* decision. Heffley v. Hocker, 420 F.2d 881 (9th Cir. Dec. 9, 1969); Williams v. United States, 418 F.2d 159 (9th Cir. Oct. 17, 1969).[1] This holding does of course bind this court in the present matter.

The search in question here was conducted on June 4, 1969. Consequently, the *Chimel* decision is inapplicable and we must turn to other sources against which to measure the legality of the present search.

■ Apart from *Chimel*, all prior law upholds just that type of search conducted here under the "open field" doctrine. That doctrine was first announced in Hester v. United States, 265 U.S. 57, 59, 44 S.Ct. 445, 447, 68 L.Ed. 898 (1924):

> As to that, it is enough to say that, apart from the justification, the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers and effects,' is not extended to the open fields. The distinction between the latter and the house is as old as the common law.

Numerous cases have followed this principle since. E. g., United States v. Campbell, 395 F.2d 848, 848–849 (4th Cir. 1968); McDowell v. United States, 383 F.2d 599, 603 (8th Cir. 1967); United States v. Hassell, 336 F.2d 684 (6th Cir. 1964); United States v. Romano, 330 F.2d 566, 569 (2d Cir. 1964), aff'd 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965); Edwards v. United States, 206 F.2d 855, 856 (10th Cir. 1953); Janney v. United States, 206 F.2d 601, 604 (4th Cir. 1953); Koth v. United States, 16 F.2d 59, 61 (9th Cir. 1926). See also Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 n. 8 (1967); 47 Am.Jur. at § 17, 513; 79 C.J.S. Searches and Seizures § 14, at 791.

■ This is true whether the land is enclosed or unenclosed, Martin v. United States, 155 F.2d 503, 505 (5th Cir. 1946), and whether or not the land surrounds the house (as long as the land is not so intimate to the house as to be the

---

1. State courts have viewed this reservation in the light of the Supreme Court's reluctance to make major constitutional changes retroactive, and have uniformly reached the same conclusion. People v. Dominguez, Cal.App., 79 Cal.Rptr. 865, 868 (July 28, 1969); People v. Foster, Cal.App., 79 Cal.Rptr. 397, 398 (Aug. 5, 1969); People v. Castillo, 274 A.C.A. 549, 553, 80 Cal.Rptr. 211 (July 1, 1969); Scott v. State, 7 Md.App. 505, 256 A.2d 384, 392 (Aug. 12, 1969); State v. Carter, 54 N.J. 435, 255 A.2d 746, 753 (July 15, 1969).

curtilage). United States v. Feldman, 104 F.2d 255, 256 (3d Cir. 1939). See generally 19 A.L.R.3d 727.

█ Since the vacant lot in question does not belong to defendant he may well lack standing to object to the seizure of evidence, since he would have been a trespasser thereon. Tritico v. United States, 4 F.2d 664 (5th Cir. 1925). See United States v. Thomas, 216 F.Supp. 942, 946 (N.D.Cal.1963).[2] That the federal agents would also have had to commit a "simple trespass" to obtain evidence does not render the latter inadmissible. United States v. Romano, *supra*, 330 F.2d at 569.

In *Koth, supra*, the court upheld a search of a still some quarter of a mile from the defendant's house because the investigating agents had probable cause to suspect illegal whiskey was being made there (under the "open field" doctrine).

In People v. LaRosa, 25 App.Div.2d 587, 267 N.Y.S.2d 235, 236–237 (1966), the court upheld the search of a wooded area behind the defendant's house made without a warrant—under the "open field" doctrine.

█ Finally, if any of the LSD tablets were lying upon the ground, their seizure would be justifiable under the "plain view" doctrine. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Sandy, 421 F.2d 182 (9th Cir. Jan. 20, 1970); People v. Kampmann, 258 Cal. App.2d 529, 65 Cal.Rptr. 798, 802 (1968). To quote 79 C.J.S. Searches and Seizures § 17, at 792: "Where entry on the

premises is lawful, contraband open to observation may be seized."

█ In the present case, the Government contends that the LSD was found within one foot of the defendant's sleeping bag in the lot. Under Harris v. United States, 331 U.S. 145, 151, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947) this would certainly be a "premise under his immediate control." *Harris* was overruled by *Chimel*, but would still be good law in this case for the reasons noted above.

## II. *The Chimel Case is Inapplicable On Its Facts*

Even were the Supreme Court to determine that *Chimel* is to apply retroactively, it is not necessarily dispositive in this case. *Chimel* dealt only with the search of a dwelling place, and the particular earlier Supreme Court cases which it disapproved dealt with dwelling places as well. (This case disclaimed, e. g., any change in the rule regarding auto searches.[3]) There was no indication that it intended to curb or overrule the "open field" doctrine or to otherwise deal with searches outside of closed areas.

Secondly, even under the language of *Chimel* the search and seizure here were valid if made within several feet of the defendant and his sleeping bag, since this would be "an area within his immediate control from which he might gain possession of a weapon or destructible evidence."

Accordingly, defendant's motion to suppress is denied.

It is so ordered.

---

**2.** Even if the vacant lot did belong to the defendant, the search would still be valid. See State v. Zugras, 306 Mo. 492, 267 S.W. 804 (1924) (search upheld of mash barrels concealed 150 yards from house though conducted under void warrant). Cf. United States v. Campbell, *supra*. The sleeping bag, much less the entire lot,

can hardly be considered the defendant's home, so defendant cannot suppress on that ground. See People v. Ring, 267 Mich. 657, 255 N.W. 373, 93 A.L.R. 993 (1934) (nudist camp not considered defendant's home or curtilage).

**3.** See Call v. United States, 417 F.2d 462 (9th Cir. Oct. 27, 1969).