434 F.2d 33
 UNITED STATES of America, Appellee,
v.
John Anthony MASIELLO, John A. Masiello, Jr., Defendants-Appellants,
Thomas A. McKeever, Isidore Kihl, a/k/a George Kihl, Andrew Daly, Joseph A. Maisto, Michael Albanese and A. N. R. Leasing Corporation, Defendants.
 No. 97.
 Docket 34769.
 United States Court of Appeals, Second Circuit.
 Argued September 15, 1970.
 Decided October 28, 1970.
 
 Irving Anolik, New York City (Abraham H. Brodsky, New York City, of counsel), for defendants-appellants.
 Edward M. Shaw, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y. and Robert G. Morvillo, Asst. U. S. Atty., of counsel), for appellee.
 Before FRIENDLY, SMITH and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant appellants, John Anthony Masiello and John A. Masiello, Jr., father and son, are shareholders in A. N. R. Leasing Corporation, an organization which leased trucks and trailers to both private corporations and the Post Office Department. They were convicted in the District Court for the Southern District of New York before Morris Lasker, Judge, and a jury, of conspiracy and bribery of public officials, in violation of 18 U.S.C. §§ 371 and 201(b). We remand to the District Court for a hearing on the reasonableness of the search and seizure involved in this case, retaining jurisdiction of the appeal.
 
 
 2
 The Masiellos, one McKeever, also an officer of A. N. R. Leasing Corporation, the corporation itself and a number of postal officials were indicted on charges of conspiring to defraud the United States, giving and accepting bribes and giving and accepting gratuities. Although the Masiellos were arrested away from the corporate headquarters, McKeever was taken into custody by federal officers possessing a warrant for his arrest while at the offices of A. N. R. In a search and seizure incident to that arrest, the officers seized a quantity of records, including canceled checks introduced in evidence on the trial of appellants and A. N. R. Leasing Corporation to establish payments to or for postal officials. A pre-trial motion to suppress was denied by Judge Palmieri without a hearing. The checks were introduced into evidence over appellants' objection. There exist considerable discrepancies in the affidavits of the government officers and an A. N. R. official as to what took place in the course of the search and seizure. Since a hearing was denied in the District Court, all factual assertions of the affidavit submitted on behalf of appellants must be assumed to be correct for the purpose of this appeal. It is apparently not disputed that A. N. R.'s office consisted of more than one room and that files were searched and records seized in one or more rooms other than the one in which McKeever was arrested. Although this search would be clearly unlawful under the standards established by the Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the search took place before Chimel and therefore the applicable fourth amendment standards are those existing prior to that decision. United States v. Bennett, 415 F.2d 1113 (2d Cir. 1969).
 
 
 3
 If the facts are as alleged by the affidavit in support of appellants' motion to suppress, those standards have been violated. It has been claimed that extensive portions of the enormous amounts of material seized have no possible relevance to the case at hand. It was further alleged that the federal officers conducted "a general rummage of the suite and a wholesale seizure of the files and records contained therein." If these characterizations of the facts are accurate, the activities of the federal officers could hardly be considered consistent with the requirements of the fourth amendment. See Von Cleef v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed. 2d 728 (1969) (per curiam); Kremen v. United States, 353 U.S. 346, 77 S.Ct. 828, 1 L.Ed.2d 876 (1957) (per curiam).
 
 
 4
 We therefore conclude that a hearing should be held and findings be made below on the extent and reasonableness of the search and seizure, and remand to request that Judge Lasker conduct such a hearing and report. We meanwhile retain jurisdiction of the appeal.
 
 
 5
 HAYS, Circuit Judge (concurring in the result):
 
 
 6
 I concur in the result but I do not subscribe to the opinion that the "search would be clearly unlawful under the standards established by the Supreme Court in Chimel v. California * * *." See United States v. Pino, 431 F.2d 1043 (2d Cir. 1970); United States v. Lozaw, 427 F.2d 911 (2d Cir. 1970).