STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DENNIS DELELLIS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 7, 1975—Decided November 24, 1975.

310

Before Judges LYNCH, ACKERMAN and LARNER.

*Mr. Lewis Stein* argued for appellant (*Messrs. Nusbaum, Stein & Goldstein,* attorneys).

*Ms. Andrea R. Grundfest,* Deputy Attorney General, argued for respondent (*Mr. William F. Hyland,* Attorney General, attorney).

PER CURIAM. Dennis DeLellis appeals from his conviction for lewdness, in violation of *N. J. S. A.* 2A:115–1. He and three others had also been indicted for rape, aiding and abetting rape, conspiracy to commit rape and conspiracy to commit lewdness, all arising out of incidents which occurred in DeLellis' apartment from approximately 2 A.M. to 2 P.M. on December 31, 1970. The trial judge dismissed the conspiracy charges, and defendants were acquitted of the charges related to rape. Two of the codefendants were convicted of sodomy, but on motion after trial those convictions were set aside. One defendant was a fugitive and was not brought to trial.

The female complainant testified that during the approximately 12-hour period in defendant DeLellis' apartment numerous sexual acts were perpetrated upon her by a number of men, including DeLellis. She claimed that DeLellis forced her to commit fellatio. He admits the act occurred, but contends that it does not constitute a violation of the lewdness statute within the confines of the crime as delineated in *State v. Dorsey,* 64 *N. J.* 428 (1974.)

Defendant argues that *Dorsey* confined "private lewdness," within the meaning of the statute, to (a) acts of indecent exposure and (b) acts tending to subvert the morals of minors.

Defendant's action here necessarily involved "indecent exposure" to the complainant and is thus proscribed by the lewdness statute even under the limiting construction of *Dorsey. State v. Treat,* 130 *N. J. Super.* 305 (App. Div. 1974). It may be argued that fornication would also involve such exposure and since that act is not a violation of the lewdness statute (*State v. Brenner,* 132 *N. J. L.* 607 (E. & A. 1945), neither is fellatio. However, fornication has been declared a crime by a separate enactment and thus is removed from the reach of the lewdness statute. See *Dorsey, supra,* 64 *N. J.* at 431–432. Fellatio has not been deemed criminal under any statute other than *N. J. S. A.* 2A:115–1, and since defendant's act comports with the terms and in-

tent of that statute there is no reason to exclude it from the statute's application. See *State v. Bono,* 128 *N. J. Super.* 254 (App. Div.), certif. den. 65 *N. J.* 572 (1974). As the record reveals, that case involved fellatio and defendant's conviction for lewdness was affirmed.

A number of the sexual acts involved here were performed in a bedroom with several persons present. The record is not clear that defendant's fellatio with complainant was actually witnessed by a third person. However, to constitute private lewdness an act need not be witnessed by a third person. *State v. Von Cleef,* 102 *N. J. Super.* 102 (App. Div. 1968), rev'd on other grounds 395 *U. S.* 814, 89 S. Ct. 2051, 23 L. Ed. 2d 728 (1969) ; *State v. Michalis,* 99 *N. J. L.* 31 (Sup. Ct. 1923). As *Von Cleef* says :

> In light of the common-law and legislative background of N. J. S. A. 2A:115–1, therefore, it would appear that the statute means precisely what it says; *i. e.* "Any person who * * * in private commits an act of lewdness * * * with another, grossly scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor." As the plain language suggests, the elements of the offense are the commission of a lewd act in private with another person which act tends to debauch the public morals.
>
> Nevertheless, defendants attempt to inject an additional requirement into the offense, namely, that the lewd act be witnessed by one who is not a participant and whose morals are debauched thereby. Defendants would read the statute as if "with another" meant "in the presence of another who is a nonparticipant." This construction is untenable; the statute explicitly applies to an accused who *"commits* an act of lewdness * * * *with* another." It obviously includes participants. Nor are we persuaded that the clause "grossly scandalous and tending to debauch the morals and manners of the people" adds weight to the argument that the presence of a third person is requisite to charge the statutory offense. The purpose of this language is merely to characterize the gross nature of the offense. [102 *N. J. Super.* at 114].

The act of fellatio here involved was "an act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manner of the people * * *." *N. J. S. A.* 2A:115–1. *State v. Bono, supra.* The charge of the court that such an act is within the ambit of the statute was not erroneous.

We do not reach the question whether the developing constitutional right of privacy prohibits criminal sanction for private fellatio between consenting adults since this has been passed upon by the New Jersey Supreme Court with relation to the crime of fornication. See *State v. Lutz,* 57 *N. J.* 314 (1970); *State v. Clark,* 58 *N. J.* 72 (1971).

The conviction is affirmed.