STATE OF NEW JERSEY, PLAINTIFF, v. ANGEL
RAMOS, DEFENDANT.

Superior Court of New Jersey
Law Division Criminal
Union County

Decided April 23, 1985.

See also, 203 *N.J.Super.* 197.

*Harold C. Knox,* Asst. Pros. for State.

*Robert T. Norton* for Defendant (*Norton and DeRose,* attorneys).

MENZA, J.S.C.

The question presented is whether private sexual conduct constitutes the offense of lewdness under the Code.

The defendant is charged with aggravated sexual assault and sexual assault. The defendant wishes the court to instruct the jury of the additional charge of lewdness.

The victim is a seven-year-old child. It is alleged that the defendant sexually assaulted her by touching her private parts. These acts were performed in a private setting and not observed by other persons.

The defendant contends that the acts in question constitute the offense of lewdness, a disorderly persons offense, and should be submitted to the jury as a lesser included offense.

The history of both the common law and early legislative definitions of lewdness sheds light on the scope of the offense under the Code.

■ Under the common law lewdness referred to acts committed in public. In *State v. Brenner,* 132 *N.J.L.* 607 (E. & A.1945), the Court of Errors and Appeals, commenting on the common law of lewdness, stated:

> In that system, "lewdness" signifies open and public indecency and is punishable as a common nuisance, injurious to public morals; and it is therefore essential that the lewd act be committed in a public place, and be seen by persons lawfully in that place. Private or secret indecency is not criminal, since the common law does not deem such offensive to the public morality. Indecent exposure in the presence of but one person, although in a place of public resort, no others being able to see it at the time, has been held not to be a common

nuisance and therefore not an indictable offense at common law. [*Id.* at 609–610; citations omitted].

Title 2A, the predecessor of the Code, broadened the common law offense of lewdness to include both acts committed in public as well as certain private acts not witnessed by third persons. Thus; Title 2A defined lewdness as follows:

*N.J.S.A.* 2A:115–1, Lewdness or indecency.

Any person who commits open lewdness or a notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people, or in private commits an act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor.

In *State v. Von Cleef,* 102 *N.J.Super.* 102 (App.Div.1968) rev'd on other grounds, 395 *U.S.* 814, 89 *S.Ct.* 2051, 23 *L.Ed.*2d 728 (1969), the court interpreted the statute, stating:

In light of the common-law and legislative background of *N.J.S.* 2A:115–1, therefore, it would appear that the statute means precisely what it says; i.e., "Any person who ... in private commits an act of lewdness ... with another, grossly, scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor." As the plain language suggests, the elements of the offense are the commission of a lewd act in private with another person which act tends to debauch the public morals.

Nevertheless, the defendants [sic] attempt to inject an additional requirement into the offense, namely, that the lewd act be witnessed by one who is not a participant and whose morals are debauched thereby. Defendants would read the statute as if "with another" meant "in the presence of another who is a nonparticipant." This construction is untenable; the statute explicitly applies to an accused who *"commits* an act of lewdness ... *with* another." It obviously includes participants. [*Id.* 102 *N.J.Super.* at 114].

*See also State v. Michalis,* 99 *N.J.L.* 31 (Sup.Ct.1923); *State v. White,* 129 *N.J.L.* 200 (Sup.Ct.1942), aff'd, 130 *N.J.L.* 527 (E. & A.1943), both of which reach similar conclusions.

The perimeters of the statute were subsequently delineated in *State v. Dorsey,* 64 *N.J.* 428 (1974):

Although the statutory crime of private lewdness has not been legislatively defined, its history before the courts furnishes rather clear guidelines for definition. We believe it should be confined ... to acts of indecent exposure and to acts tending to subvert the morals of minors. [*Id.* at 433].

The court in *Dorsey* based its conclusion, in part, on the fact that because there were other statutes dealing with various

sexual misconduct such conduct would therefore be excluded from the ambit of the lewdness statute:

> The basis for excluding adultery and fornication from the reach of the statute condemning private lewdness is the fact that these kinds of sexual misconduct have been made crimes by separate enactments.... [*Id.* at 432].

The current statute, *N.J.S.A.* 2C:14-4 states:

> A person commits a disorderly persons offense if he does any flagrantly lewd and offensive act *which he knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed.* 'Lewd acts' shall include the exposing of the genitals for the purpose of arousing or gratifying the sexual desire of the actor, or of any other person. [Emphasis supplied].

The Legislature was obviously aware of the common law, the statute, *N.J.S.A.* 2A:115-1, and the case law interpreting the statute when it adopted the Code. In doing so, it specifically eliminated from the language of the statute any reference to private sexual conduct. It is axiomatic that the purpose of a statute must be derived from the plain and ordinary meaning of its language. *Mullen v. Jefferson Tp. Bd. of Ed.*, 81 *N.J.Super.* 151 (App.Div.1963). The language of this statute clearly expresses the intent that it encompass only those sexual acts which are either observed by others or intended or expected to be observed by others.

Moreover, interpretation of the statute by reference to its language is not the sole basis for this conclusion. Prohibition of private sexual misconduct in other sections of the Code indicates the legislative intent to limit the lewdness statute to situations where the sexual acts are either observed or intended or expected to be observed by other persons. *See N.J.S.A.* 2C:14-2, Sexual Assault, and 2C:14-3, Criminal Sexual Contact. *See also* chapter 34 of the Code, Public Indecency.

Lastly, the Commentary to the Code makes clear the intent of the Legislature and the confines of the statute by stating: "In keeping with our position on private sexual conduct, such private acts are excluded from this Section." II New Jersey Penal Code § 2C:34-1, Commentary 2 at 301 (New Jersey Criminal Law Revision Commission, Final Report 1971).

The court concludes that the lewdness statute, *N.J.S.A.* 2C:14–4, does not encompass sexual conduct committed in private. The defendant's request to the court to charge the offense of lewdness is denied.