226 N.J. Super. 339 (1988)
544 A.2d 408
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGEL RAMOS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 13, 1988.
Decided July 6, 1988.
*340 Before Judges DREIER and ASHBEY.
Alfred A. Slocum, Public Defender, attorney for appellant (Raymond J. Burke, Designated Counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General, attorney for respondent (Debra G. Lynch, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by ASHBEY, J.A.D.
Defendant was charged with first-degree aggravated sexual assault, contrary to N.J.S.A. 2C:14-2a and was found guilty of the lesser offense of second-degree sexual assault, N.J.S.A. 2C:14-2b. Following an evaluation by the Adult Diagnostic and Treatment Center at Avenel, defendant was sentenced to a term of seven years to the Center and assessed a $250 penalty made payable to the Violent Crimes Compensation Board.
On appeal defendant contends:
Point I
It was error for the trial court to admit the September 1984, October 5 (October 6), 1984 and October 28, 1984 statements by the victim to her mother in evidence.
Point II
It was error for the trial court to deny defendant's motion for acquittal at the conclusion of the State's case concerning aggravated sexual assault.
Point III
It was error for the trial court to deny defendant's request to charge the lesser offense of lewdness to the jury.
Point IV
The sentence imposed was manifestly excessive and an abuse of the trial court's discretion.
The facts of this case are fully detailed in the two reported Law Division opinions concerning the court's challenged rulings. See State v. Ramos, 203 N.J. Super. 197 (Law Div. 1985); State v. Ramos, 203 N.J. Super. 206 (Law Div. 1985). Our *341 careful review of the record persuades us that defendant's point III is meritless, substantially for the reasons expressed by Judge Menza in his April 23, 1985 opinion published at 203 N.J. Super. 206. We also regard defendant's point I, respecting the child-victim's statements of October 6 and October 28 to be meritless. Judge Menza's finding that these statements represented admissible hearsay as excited utterances pursuant to Evid.R. 63(4) is amply supported by the record. 203 N.J. Super. at 203.
We recognize that in State v. J.S., 222 N.J. Super. 247 (App.Div. 1988), we expressly overruled the Law Division judge's ruling admitting testimony including the child's statement of September 1984. We there rejected his opinion that "fresh complaint" may be considered "`as corroboration of the victim's assertion that she was assaulted  a way to bolster her testimony.'" Id. at 257. Our review of the judge's actual charge, however, persuades us that, taken in its entirety, it did not contravene the rules of "fresh complaint". The judge gave the jury the following instructions,
Ladies and gentlemen, the witness just testified that her daughter Frances, after discussing the guidelines from the school, stated to the mother that Angel Ramos had touched her. The reason for allowing this testimony is based upon the nature of the dignity of a person undergoing such act [who] will be expected to complain to a parent or other person of authority to whom she would probably turn to in that event and express her feelings because of the insult to the child's dignity. Such evidence, though hearsay, is justified by the Court for the purpose of supporting the victim's complaint of the alleged occurrence. It's also because it is natural for one to complain of an act such as this that might occur.
Although the judge failed to advise the jury that the only purpose of the testimony was to permit the State to rebut an inference created by silence and did speak of "supporting" the child's credibility, contrary to the admonition of State v. J.S., supra, 222 N.J. Super. at 257, the jury was immediately alerted to the fact that the particular testimony had a limited purpose. Evid R. 6.
The trial of cases charging abuse of children represents perhaps the most difficult evidentiary dilemma facing our criminal *342 courts today. See State v. D.R., 109 N.J. 348, 358-359 (1988).[1] A balance must be struck between protecting children and the danger of false accusation. We are persuaded that the cumulative trial errors in State v. J.S., supra, particularly the multiple hearsay, the use of interrogation to elicit the victim's complaints, and the excessive and exacerbating detail in the "fresh complaint" testimony, combined with that court's emphasis on "bolstering" the credibility of the child-witness, make that case distinguishable. In any event, we conclude that, if error in this case, the jury instruction concerning "fresh complaint" was harmless beyond a reasonable doubt. We cannot find a "degree of possibility that [the error] led to an unjust verdict." State v. Macon, 57 N.J. 325, 335 (1971)
Defendant also contends that it was error for the trial court to deny his motion for a judgment of acquittal of the charge of aggravated sexual assault under N.J.S.A. 2C:14-2a(1), because there was no evidence of sexual penetration. At trial the victim, Frances, testified that defendant, a close friend of the family with whom she stayed on the weekends, would undress her, touch her "in my pasita"[2] with his hands and "lick" her pasita. A pediatrician testified that she examined Frances and that the child's hymen (membrane covering the vagina), normally intact in a six-year old, was broken, a condition usually caused by the insertion of a foreign body.
"Sexual penetration" is defined to include the insertion of any object into the vagina as well as "cunnilingus" for which vaginal penetration is unnecessary. State v. Fraction, 206 N.J. Super. 532, 535 (App.Div. 1985). Affording the prosecution *343 the benefit of all favorable evidence and its inferences, therefore, persuades us that the court did not err in denying defendant's motion for judgment of acquittal. See State v. Brown, 80 N.J. 587, 591-592 (1979).
Finally defendant contends that his sentence is manifestly excessive and an abuse of the trial court's discretion. Defendant was found to be a repetitive and compulsive sex offender and was sentenced accordingly. N.J.S.A. 2C:47-3. He was found guilty of a second-degree crime and received the presumptive sentence. Nothing in the record suggests that imprisonment was a serious injustice, see State v. Sanders, 107 N.J. 609, 622 (1987), or justified sentencing defendant for a crime of a lower degree. N.J.S.A. 2C:44-1f(2). Defendant's lack of prior criminal history, good employment, and willingness to undergo treatment were known to and considered by the court. Cf. State v. Porter, 210 N.J. Super. 383, 396 (App.Div. 1986), certif. den. 105 N.J. 556 (1986). We find the sentence accorded with relevant guidelines. See State v. Hodge, 95 N.J. 369, 377-378 (1984). See also State v. Chapman, 95 N.J. 582, 587-589 (1984); State v. Partusch, 214 N.J. Super. 473, 480 (App.Div. 1987); State v. Hamm, 207 N.J. Super. 40, 42-44 (App.Div. 1986).
The judgment of conviction is affirmed.
NOTES
[1] See also Note, "The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations," 98 Harv.L.Rev. 806 (1985); Note, "A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases," 83 Colum.L. Rev. 1745 (1983).
[2] Defined by her mother as a reference in Spanish to "little thing," meaning her vagina.