19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gwendolyn COLLINS, Defendant-Appellant.
 No. 93-3147.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1994.
 
 On Appeal from the United States District Court, for the Northern District of Ohio, No. 92-00328; David D. Dowd, Jr., Judge.
 N.D.Ohio
 AFFIRMED.
 Before: JONES and SUHRHEINRICH, Circuit Judges; and McKEAGUE*, District Judge.
 PER CURIAM.
 
 
 1
 Defendant Gwendolyn Collins appeals the sentence imposed pursuant to her conditional plea of guilty to possession with intent to distribute three kilograms of cocaine in violation of Title 21, U.S.C. Secs. 841(a)(1) and (b)(1)(B), and possession with intent to distribute four kilograms of marijuana in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. The plea followed the district court's denial of a motion to suppress the cocaine and marijuana. Defendant challenges the trial court's order denying suppression, arguing (1) that her consent was involuntary and (2) that the arresting officer lacked probable cause to arrest or search. After reviewing the record made at the suppression hearing, we AFFIRM the trial court.
 
 I.
 
 2
 At the suppression hearing, DEA Special Agent George Krebs testified that on August 26, 1992, acting on an informant's tip, he went to the Greyhound terminal in Cleveland, Ohio, to watch for two black females whom the informant identified by name and accompanying photos. According to the informant, the women, one of whom was defendant Collins, were transporting drugs and would arrive from Detroit on that date. The informant also indicated a blue Pontiac with a specified license number would meet the women and Krebs learned from another agent that the Pontiac was parked across from the terminal. Collins arrived on the bus and after she disembarked and left the terminal, Krebs approached her, identified himself, and asked Collins to speak with him. Collins agreed, told Krebs she arrived from Detroit and showed her ticket to him, but was evasive about a black nylon bag she was carrying. Eventually, she agreed to allow Krebs to look in her bag; however, testimony at the suppression hearing focused on the voluntariness of Collin's consent to search the bag.
 
 
 3
 The district court found Collins did not voluntarily consent to the search, but nevertheless upheld the search as valid incident to a lawful arrest. Because we agree that the search was valid incident to a lawful arrest, we do not reach the issue of whether Collin's consent was voluntary.
 
 II.
 
 4
 Defendant contends that the trial court's analysis is faulty for two reasons: (1) Krebs did not place her under arrest until after he searched her bag; therefore, the search cannot be a search incident to arrest; and (2) even if she were under arrest before the search, Krebs lacked probable cause to arrest her at that time. Under either circumstance, Collins concludes, that the search violated the Fourth Amendment.
 
 
 5
 A lawful arrest authorizes a search, Michigan v. DeFillippo, 443 U.S. 31 (1979); however the search must be contemporaneous with the arrest and must be confined to the immediate vicinity of the arrest or to those items within the suspect's immediate control. Shipley v. California, 395 U.S. 818, 819 (1969); Von Cleef v. New Jersey, 395 U.S. 814 (1969); Chimel v. California, 395 U.S. 752, 763 (1969). Defendant incorrectly asserts that the arrest must precede the search. The Supreme Court has held that the search may occur before the arrest, provided probable cause for the arrest existed. Rawlings v. Kentucky, 448 U.S. 98, 111 (1980) (citations omitted). Therefore, we turn to defendant's second argument, to assess whether probable cause existed for the arrest.
 
 
 6
 We review probable cause determinations de novo. United States v. Ogbuh, 982 F.2d 1000, 1002 (6th Cir.1993). Probable cause, in this circumstance, exists, provided the facts and circumstances within Krebs' knowledge were sufficient for a reasonable person to believe that a crime had been or was being committed by Collins. See Brinegar v. United States, 338 U.S. 160, 175-76 (1949).
 
 
 7
 Although Krebs never dealt directly with the informant, the informant was known to be reliable, a factor relevant to the probable cause determination. See Illinois v. Gates, 462 U.S. 213 (1983). Furthermore, in this instance Krebs' observations not only corroborated the informant's tip in some measure, the tip precisely predicted the events that transpired at the terminal.
 
 
 8
 Given the reliability of the informant and Krebs's independent verification of the information given by the informant, we find a sufficient basis existed for a reasonable person to believe that Collins was committing a felony, transporting illegal drugs. See Beck v. Ohio, 379 U.S. 89 (1964); United States v. Miller, 925 F.2d 695 (4th Cir.1991), cert. denied, 112 S.Ct. 111 (1991) (holding that a police officer acting on an unknown informant's tip could rely on personal knowledge and observations to effect a warrantless arrest). Thus, Krebs, an experienced drug interdiction officer, had probable cause to arrest Collins before he searched her belongings, and the warrantless search was a lawful one under the "incident to arrest" exception.
 
 
 9
 We AFFIRM.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan sitting by designation