Argued April 29, affirmed June 11, 1970

STATE OF OREGON, *Respondent, v.*
ALEXANDER HARGON, *Appellant.*

470 P2d 383

*William G. Whitney*, Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Branchfield, Judges.

FOLEY, J.

The defendant was convicted after a jury trial of receiving the earnings of a common prostitute and was sentenced to four years' imprisonment.

Defendant appeals, assigning error in four particulars.

ASSIGNMENT OF ERROR NO. 1

Defendant claims the indictment does not state a crime because the underlying statute, ORS 167.120, is void for vagueness.

The pertinent part of the indictment is as follows:

"* * * [D]efendant * * * did unlawfully and

feloniously receive from one Barbara Lyons, a common prostitute, money * * * earned by the said Barbara Lyons in the practice of common prostitution * * *."

The relevant portion of the challenged statute, ORS 167.120, read as follows:

"Any person who * * * receives from a common prostitute any part or all of her earnings * * * shall be punished upon conviction * * *."

Defendant correctly contends that the statute does not expressly include a requirement of knowledge, and argues that it therefore would apply to any person dealing with a prostitute, such as a grocer, paper boy, etc. He concedes that the indictment follows the language of the statute, ORS 167.120, and that the purpose of the statute is to prevent the sponsoring of prostitution, *State v. Goesser*, 203 Or 315, 318, 280 P2d 354 (1955). His contention, then, specifically is that the statute is unconstitutional because the apparent lack of scienter element makes the statute impermissibly broad in its potential application and thus unconstitutionally void for vagueness.

■ This court recently held in *State v. Gulbrandson*, 2 Or App 511, 470 P2d 160 (1970), that rather than declare a statute unconstitutional because it is silent on the requirement of knowledge on the part of defendant, the court will read such requirement into the statute. See also *State v. Aschenbrenner*, 171 Or 664, 138 P2d 911, 147 ALR 1052 (1943), and *State v. Jackson*, 224 Or 337, 344-45, 356 P2d 495 (1960).

■ Defendant's attack is directed primarily to the lack of a scienter requirement in the statute itself rather than to the sufficiency of the indictment. How-

ever, the indictment alleges that defendant "unlawfully and feloniously" received the earnings of a prostitute and this is a sufficient allegation of scienter. *State v. Reynolds*, 229 Or 167, 172-73, 366 P2d 524 (1961).

Defendant did not request an instruction on the necessity of *actual* knowledge on the part of defendant in this case, so that issue is not properly presented here. *State v. Gulbrandson*, supra. There was substantial evidence from which the jury could have found scienter if in fact actual knowledge is determined to be an element of the offense in an appropriate case.

## ASSIGNMENT OF ERROR NO. 2

■ Defendant objects to the admission of evidence that he procured one Pat Winhoven to engage in prostitution, in violation of ORS 167.125, and that he committed an assault and battery on both Barbara Lyons and Pat Winhoven, in violation of one or more of the criminal assault statutes. He argues that this was inadmissible evidence of other crimes.

■ As the trial court pointed out, a necessary element of the crime charged is that the girl be a prostitute. Winhoven's testimony of the relationship between her, Lyons and defendant is relevant to this point and to defendant's knowledge that Lyons was a prostitute. Similarly, the testimony about the assaults is relevant to show the facts with reference to prostitution and defendant's control over the girls. Relevant evidence is not rendered inadmissible merely because it tends to show that defendant engaged in some unlawful activity other than that charged in the indictment. The issue is whether the relevance outweighs the prejudice. *State v. Kristich*, 226 Or 240, 244-46, 359 P2d 1106 (1961).

See also *State v. Keffer*, 2 Or App 559, 470 P2d 381, decided this date. Applying the test of relevance versus prejudice, we conclude that "the probative relevance of the evidence over balanced the prejudice the evidence may have created." *State v. Kristich*, supra, 226 Or at 246. It was not error to admit the evidence.

## ASSIGNMENT OF ERROR NO. 3

Defendant claims that corroboration requirements of ORS 167.140 should be read into this case.

■ The Oregon Supreme Court has held directly against defendant on this point and at the same time held that a prostitute was not an accomplice within ORS 136.550 in a prosecution for receiving the earnings of a prostitute. *State of Oregon v. McCowan*, 203 Or 551, 556-58, 280 P2d 976 (1955). The rest of this assignment is a blanket assertion that the record is so replete with leading questions and hearsay that defendant did not have a fair trial. Defendant cites no portion of the transcript where improper leading questions were asked and the single properly raised objection to alleged hearsay evidence was correctly overruled. The record does not support defendant's contentions.

## ASSIGNMENT OF ERROR NO. 4

Defendant's final assignment is that the court erred in considering juvenile arrests in sentencing defendant.

■ It is clear that a presentence report may properly include the defendant's prior arrest record, *State v. Scott*, 237 Or 390, 399-400, 390 P2d 328 (1964), includ-

ing defendant's juvenile record. ORS 419.567(3)(a)①;
Report of Legislative Interim Committee on Judicial
Administration 26, Part II Juvenile Law (1959).② This
assignment is also without merit.

Affirmed.

---

① ORS 419.567(3)(a):

"(3) No information appearing in the record of the case or in
reports or other material relating to the child's history or prog-
nosis may be disclosed to any person without the consent of the
court, and no such information may be used in evidence in any
proceeding to establish criminal or civil liability against the child,
whether such proceeding occurs after the child has reached 18
years of age or otherwise, except for the following purposes:

"(a) In connection with a presentence investigation after the
guilt of the child has been admitted or established in a criminal
court."

② "Subsection (3) of section 46 [ORS 419.567(3)] is designed
to assure maximum disclosure of facts in the juvenile court. It
provides that information brought out in the juvenile court may
not be used as evidence elsewhere in any civil or criminal pro-
ceeding against the child. There are two exceptions to this: first,
the matters in the juvenile court may be shown in a pre-sentence
investigation concerning the child after he has been found guilty
of a crime. For example, where a child who had previously ap-
peared in juvenile court is convicted of burglary at the age of 22,
the record in juvenile court would be available in considering
how the offender should be sentenced. * * *" Report of Legis-
lative Interim Committee on Judicial Administration 26, Part II
Juvenile Law (1959).