Argued November 29, 1971, reversed and remanded
February 4, 1972

## STATE OF OREGON, *Respondent, v.* THOMAS ALEXANDER NEEL, *Appellant.*

493 P2d 740

*John M. Biggs*, Eugene, argued the cause for appellant. With him on the brief were Allen & Biggs, Eugene.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Defendant appeals from convictions for possession of marihuana, ORS 474.020, and dangerous drugs, ORS 475.100, contending, among other things, that the trial court erred in instructing the jury on the mental element of these offenses.

Regarding each of the two counts of the indictment, the trial court instructed the jury:

"* * * [I]t is necessary for the State to prove beyond a reasonable doubt * * *:

"* * *

"* * * that the defendant knew *or had reason to believe* that the substance was a * * * [narcotic drug or dangerous drug, respectively] * * *." (Emphasis supplied.)

Defendant excepted to the emphasized portions of those instructions, and here argues the instructions should have required the jury to find the defendant had actual knowledge of the character of the drugs before they could convict.

The extent of defendant's knowledge concerning the drugs in question was disputed at trial. The state's evidence established that two persons (neither being the defendant) were observed placing a suitcase and two bags in the trunk of defendant's car. The testimony was vague as to what opportunities defendant had to observe the contents of these items, although it was established that he was near his car when they were placed in the trunk. Defendant and the two other persons then got into the car and drove away.

For reasons not relevant to the issue under discussion, defendant's car was stopped by police shortly thereafter and the trunk searched. Marihuana and dangerous drugs were found in the suitcase and two bags; these are the items that defendant was charged with possessing.

The statutes defendant was charged with violating do not explicitly require proof of any mental element. However, the Oregon Supreme Court has repeatedly interpreted criminal statutes as requiring proof of some culpable mental element even when the statutes are silent on this point. *See, State v. Gordineer,* 229 Or 105, 366 P2d 161 (1961) (possession of intoxicating liquor by a minor) (dicta); *State v. Opie,* 179 Or 187, 170 P2d 736 (1946) (statute prohibiting taking and using cattle without authority of the owner); *State v. Aschenbrenner,* 171 Or 664, 138 P2d 911, 147 ALR 1052 (1943) (larceny by failing to report the taking of estrays); *State v. Cox,* 91 Or 518, 179 P 575 (1919) (possession of intoxicating liquor). Also, we have previously noted that criminal statutes absent clear legislative intent to the contrary may have to be interpreted as requiring proof of some mental element. *See, State v. Gulbrandson,* 2 Or App 511, 470 P2d 160 (1970) (possession of stolen motor vehicle); *State v.*

*Hargon,* 2 Or App 553, 470 P2d 383 (1970) (receiving the earnings of a prostitute).

Most of these decisions have been based on a determination of legislative intent. For example, in *State v. Opie,* supra, after pointing out that the charge involved in that case was a serious felony, the court stated:

> "\* \* \* Whether or not the legislature has power to punish \* \* \* a mistake, we hold that it has not done so, and that \* \* \* the element of guilty knowledge is implied in the statute \* \* \*." 179 Or at 194.①

Also, it has been pointed out that interpreting criminal statutes as not requiring proof of any mental element presents possible constitutional problems. *State v. Gulbrandson,* supra; *see also, Morissette v. United States,* 342 US 246, 72 S Ct 240, 96 L Ed 288 (1952). Finally, the above cases, at least implicitly, approve of the reasoning of the Model Penal Code commentators who believed that in the absence of minimal culpability the criminal law has neither a deterrent nor corrective function to perform. They support this belief by stating:

> "It has been argued, and the argument undoubtedly will be repeated, that absolute liability is necessary for enforcement in a number of the

---

① In the civil case of Nanny v. Oregon Liquor Control Com., 179 Or 274, 171 P2d 360 (1946), the court stated:

"\* \* \* There are times when courts are required to look beyond the strict or literal sense of words in a statute to avoid an absurd or unjust result. All laws should receive a sensible construction.

"\* \* \* \* \*

"This court, in State v. Cox \* \* \* [discussed above] recognized that the spirit and purpose of the law should prevail over a literal meaning of words in order to avoid construing a statute which would result in absurdity and injustice." 179 Or at 278, 279-80.

areas where it obtains. But if practical enforcement can not undertake to litigate the culpability of alleged deviation from legal requirements, we do not see how the enforcers rightly can demand the use of penal sanctions for the purpose. Crime does and should mean condemnation and no court should have to pass that judgment unless it can declare that the defendant's act was wrong. This is too fundamental to be compromised. The law goes far enough if it permits the imposition of a monetary penalty in cases where strict liability has been imposed * * *." Model Penal Code § 2.05, Comment (Tent Draft No. 5, 1955).

■■ The above authorities tell us that as a general rule of statutory construction, all criminal statutes should be interpreted as requiring proof of some culpable mental element. If the legislature desires to impose strict criminal liability on any conduct, it can expressly do so. Since the statutes in question do not expressly impose strict liability for the possession of narcotics and dangerous drugs, we interpret the statutes as requiring proof of some mental element.

This interpretation of the statutes in question aligns Oregon with the vast majority of other states which require proof of some mental element in prosecutions for possession of illegal drugs. *See,* Annotation, 91 ALR2d 810 (1963). Although there is authority to the contrary which holds possession of illegal drugs is a strict liability offense,[②] we find the reasoning of such cases to be unpersuasive and contrary to the tenor of the prior Oregon cases discussed above.

The question remains as to what mental element must be proven. Must, as the defendant argues, he be proven to have *actual knowledge* of the nature of the

---

[②] *See,* e.g., Jenkins v. State, 215 Md 70, 137 A2d 115 (1957); State v. Boggs, 57 Wash2d 484, 358 P2d 124 (1961).

substances in his trunk, or was the trial court correct to instruct that the defendant need only have reason to know the nature of those substances?

A majority of courts in other states have held that proof of actual knowledge is required. *See,* e.g., *People v. Gory,* 28 Cal2d 450, 170 P2d 433 (1946); *Duran v. People,* 145 Colo 563, 360 P2d 132 (1961); *People v. Mack,* 12 Ill2d 151, 145 NE2d 609 (1957); *State v. Giddings,* 67 N M 87, 352 P2d 1003 (1960); *People v. Pippen,* 16 App Div2d 635, 227 NYS2d 164 (1962). *See, generally,* Annotation, 91 ALR2d 810 (1963). Most of these decisions are interpretations of statutes which, as is the case in Oregon, do not explicitly require proof of any mental element.

■ ■  For the reasons expressed in those decisions we are persuaded that in order to establish guilt of the crime of illegal possession of narcotics the state must establish that the defendant had actual knowledge of the nature of the items he was charged with possessing. We note that although we have not heretofore been called upon to squarely deal with this question we previously stated in a case which turned on another issue:

> "* * * [T]he state must establish that the defendant has knowledge that the substance possessed was marihuana * * *." *State v. Lehmann,* 6 Or App 600, 603-4, 488 P2d 1383 (1971).

*See also, State v. Bowen,* 7 Or App 629, 492 P2d 480 (1972). It follows that the instructions given by the trial court were error.

The state argues *State v. Cox,* supra, compels the opposite conclusion. We disagree. The *Cox* case involved construction of a statute prohibiting possession

of liquor. The state relies on the following passage from that opinion:

"* * * [I]t was a question of fact for the jury to find from the evidence, beyond a reasonable doubt, whether or not the defendant knew or had reasonable grounds to know or believe that the suitcase contained intoxicating liquor at the time when he took it into his possession * * *." 91 Or at 532-33.

Although this language does support the state's position, it seems to have not been followed in any subsequent Oregon cases. Instead, subsequent cases have referred to the *Cox* decision in these terms:

"*State v. Cox* * * * is authority * * * for the proposition there must be a conscious possession * * *." *State v. Williams,* 117 Or 238, 242, 243 P 563 (1926).

"* * * [I]n *State v. Cox* * * * it was held that one of the ingredients of the crime was consciousness of possession." *State v. Raper,* 174 Or 252, 257, 149 P2d 165 (1944).

Moreover, *State v. Aschenbrenner,* supra, by implication disapproves of the "reason to know" type of instruction given in this case, reasoning:

"* * * It might have appeared to the jury that the defendants * * * did not possess the intelligence or observation of an ordinary man, or that in a given instance they * * * acted unwisely, unreasonably, imprudently or carelessly, but not with criminal intent. The instruction complained of was not only erroneous, but highly prejudicial to the defendants' rights." 171 Or at 674.

It is equally possible in this case that the jury might have believed defendant in fact did not know items in his trunk contained illegal drugs, yet under the instructions given have concluded that defendant should

have surmised this to be the case. Absent more express language in the statute,[9] this is an inappropriate basis upon which to rest a major felony conviction.

■ We are aware that seldom can direct evidence be produced that the accused had actual knowledge of a given fact. However, knowledge may be inferred from circumstances, and a jury can be so instructed.

Our holding in this case is consistent with the provisions of Oregon's new criminal code which provides: (1) "a person is not guilty of an offense unless he acts with a culpable mental state," Oregon Laws 1971, ch 743, Section 8(2), p 1878, except when "an offense defined by a statute * * * clearly indicates a legislative intent to dispense with any culpable mental state requirement," Oregon Laws 1971, ch 743, Section 9(1)(b), p 1878; (2) the culpable mental state required in drug offenses is that the prohibited acts were "knowingly" done, Oregon Laws 1971, ch 743, Sections 274, 275, 276, 277, pp 1946, 1947; (3) "knowingly * * * means that a person acts with an awareness that * * * a circumstance * * * exists," Oregon Laws 1971, ch 743, Section 7(8), p 1878; and (4) for drug offenses, the element of knowledge can be proven by surrounding circumstances, *see* Oregon Laws 1971, ch 743, Section 279(1), p 1947. Nothing in the commentary of the Criminal Law Revision Commission indicates that the above provisions were regarded as a significant departure from prior law.

Defendant's other assignments of error are without merit.

Reversed and remanded.

---

[9] *Cf.* ORS 165.045 (making it a crime to possess stolen goods "knowing or having good reason to believe" the goods are stolen); ORS 481.990(5) (making it a crime to possess a stolen car when the accused "knows, or has reason to believe" it is stolen).