Argued March 31, affirmed April 27, petition for rehearing
denied May 16, 1972

STATE OF OREGON, *Respondent, v.* LYNN
DARRELL REDEMAN (No. C-71-04-1233),
*Appellant.*
496 P2d 230

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from a conviction for receiving and concealing stolen property. Former ORS 165.045. His assignments of error are: (1) evidence seized pursuant to a valid search warrant should have been suppressed; (2) there was insufficient evidence that defendant knew or had good reason to believe the property was stolen; and (3)(a) ORS 165.045 is unconstitutional to the extent which it allows conviction based on a person's "having good reason to believe" property he received or concealed is stolen; (b) a jury instruction based upon the statute was erroneous.

On or about March 4, 1971, Cleveland High School in Portland was burglarized and 23 pieces of electrical equipment were taken. Based on information received from an informant, police obtained a warrant on April 13 authorizing search of defendant's premises for two of these items—an Eico Oscilloscope and an RCA Signal Generator. The next day the police exe-

cuted the warrant. During the search defendant fled. The police found the oscilloscope, described in the warrant, plus two signal generators and a battery charger not identified in the warrant but which corresponded in serial number and description to equipment taken in the high school burglary. They seized this equipment and, also, a baggie of marihuana, furniture, stereo equipment, cameras, two filing cabinets and a stamp collection. They believed some or all of this property was the fruit of other burglaries. In all, the entire contents of defendant's apartment except for a 2,000-pound waterbed were seized.

The trial court suppressed all evidence unrelated to the high school burglary and struck from the indictment the second count which charged defendant with receiving and concealing some of that property. The remaining count, upon which defendant was convicted, related to the Eico Oscilloscope. The state introduced into evidence at the trial the other electrical equipment taken from the high school which was found in defendant's apartment.

 ██ Defendant contends that the seizure of the items suppressed by the trial court was so unreasonable as to require suppression of the oscilloscope, seized pursuant to the search warrant, and the other electrical equipment found in "plain view." *State v. Ronniger,* 7 Or App 447, 492 P2d 298 (1971); *Coolidge v. New Hampshire,* 403 US 443, 91 S Ct 2022, 29 L Ed 2d 564 (1971); *Anglin v. Director, Patuxent Institution,* 439 F2d 1342 (4th Cir), *cert denied* 404 US 946, 92 S Ct 302, 30 L Ed 2d 262 (1971). From the record developed at the suppression hearing it appears the police had probable cause to believe some of the other items seized were fruits of another burglary. For other

items the state concedes no probable cause existed for seizure.[1] If some items were improperly seized the fact remains that they were suppressed by the trial court; an illegal seizure of evidence not used against a defendant at trial is not grounds for invalidating the entire search. *State v. Ronniger,* supra.

The authorities defendant urges are not in point. They deal with suppression of evidence seized in an unreasonable search incident to arrest,[2] or evidence seized in a search which exceeded the bounds of the warrant.[3]

 At conclusion of the state's case-in-chief defendant moved for acquittal, and after state's rebuttal he moved for a directed verdict. In the motion for directed verdict defendant referred to the motion to acquit in which he said the state had "failed to show that the defendant knew the material was stolen and that the heading of the statute on good cause neither has been established nor would it be constitutional

---

[1] The police testifying at the suppression hearing gave two reasons for the massive seizure of the contents of defendant's apartment: (1) they knew some of the items were fruits of a burglary under investigation from identification on the property; others they suspected came from another burglary under investigation, but they had no concrete basis at that time for concluding that this was true; (2) since defendant had fled they felt it incumbent upon them to seize and inventory all the property in order to protect it. The trial court properly suppressed items seized which the police did not have probable cause to believe were stolen. State v. Elkins, 245 Or 279, 422 P2d 250 (1966).

[2] Coolidge v. New Hampshire, supra; Von Cleef v. New Jersey, 395 US 814, 89 S Ct 2051, 23 L Ed 2d 728 (1969); Kremen v. United States, 353 US 346, 77 S Ct 828, 1 L Ed 2d 876 (1957).

[3] Stanley v. Georgia, 394 US 557, 89 S Ct 1243, 22 L Ed 2d 542 (1969); Marcus v. Search Warrant, 367 US 717, 81 S Ct 1708, 6 L Ed 2d 1127 (1961); Marron v. United States, 275 US 192, 48 S Ct 74, 72 L Ed 231 (1927).

\* \* \* to create a felony on the grounds of stupidity \* \* \*." We understand the initial objection to be a challenge of the sufficiency of the evidence that defendant knew or had good reason to believe the goods were stolen, as provided by former ORS 165.045. If the record as a whole contains sufficient evidence to support a verdict against defendant, the verdict will be affirmed. *State v. Nix,* 7 Or App 383, 491 P2d 635 (1971). We view that evidence in the light most favorable to the state.

The state's evidence established that the oscilloscope and other electrical equipment found in defendant's apartment had been stolen from an electronics instruction classroom at Cleveland High School. The electronics instructor had marked the oscilloscope with a number "six" on each side of its screen. Defendant was a student in that class in 1970, from which the jury might infer he could recognize the oscilloscope as belonging to the school.

When the police arrived with the search warrant defendant was present. One officer read the warrant to defendant and advised him of his rights; another proceeded to the bedroom and, upon finding the equipment on a shelf, called: "I found them—I found it." At that point, the officer testified:

"\* \* \* Lynn Redeman looked at me and said, I know who the son of a bitch was that finked on me and I'll get him \* \* \*."

Defendant then ran out the door without shoes or a shirt. He was apprehended two months later in Colorado and was returned to Oregon.

At trial defendant claimed he had bought the equipment from a man, but he could not remember the

man's last name or whether he had exchanged four or five waterbeds for the equipment. An alleged receipt to the transaction could not be produced. Defendant contended the police took it when they searched the apartment.

██ Whether the jury believed defendant or not, the evidence of his former classroom exposure to the equipment, his statement when the equipment was found, and his subsequent flight,[①] were more than sufficient for the jury to infer defendant knew or believed the equipment was stolen.

█ Under this assignment of error defendant also argues there was insufficient evidence that he concealed the stolen property. Regardless of its merits, this was not raised in the trial court and we will not consider it now.

 Defendant also grounded his motion for judgment of acquittal on the contention that ORS 165.045 is unconstitutional insofar as it defines the requisite mental element for conviction as "knowing *or having good reason to believe*" the property is stolen. (Emphasis supplied.) From defendant's brief argument in support of this contention we understand his objection to be that the statutory standard violates due process because, "having good reason to believe" allowed the jury to convict him on the basis of what a reasonable person would believe under the circumstances of the case, rather than what defendant actually believed, and thus it permits conviction for lack of diligence or intelligence.

█ In order to consider defendant's constitutional challenge to ORS 165.045, we would first need to con-

---

[①] Evidence of flight or escape is admissible as circumstantial evidence of guilty knowledge. State v. McIntire, 2 Or App 429, 436, 468 P2d 536, Sup Ct *review denied* (1970).

strue it as not requiring a finding of defendant's actual knowledge or belief for conviction. For reasons which follow we do not so construe it, although in some jurisdictions such a construction has been applied to similar language. See cases collected in Annotation, 147 ALR 1058, 1061 (1943), and supplemental cases; 2 Wharton, Criminal Law and Procedure 280, 285, § 568 (Anderson 1957).

The reasoning of *State v. Aschenbrenner,* 171 Or 664, 138 P2d 911, 147 ALR 1052 (1943), is instructive for purposes of our analysis. *Aschenbrenner* dealt with a statute making it a larceny to fail to report the taking of estrays. The statute contained no "knowledge" requirement. The court did not hold the statute unconstitutional, but read into it the requirement of "knowledge." It held that the circuit court erred in instructing the jury that the standard to apply in judging the defendant was whether "a man of ordinary intelligence and observation" would believe that the animals in question were estrays, and that actual knowledge was the correct standard. In reaching this conclusion the court relied on analogous holdings in cases dealing with the crime of receiving stolen property. The weight of authority in those cases, the court pointed out, rejected the "reasonable person" standard because it could result in conviction on stupidity rather than guilt. The court's quotation of this passage from *State v. Alpert,* 88 Vt 191, 92 A 32 (1914), amplifies its reasoning:

"'. . . Yet the effect of such an instruction ["reasonable person"] is to make guilty knowledge of a respondent depend upon what the jury find would induce "belief" in the mind of a "reasonable man," rather than upon what they find induced "belief" in his own mind. One essential element of

the offense is that the person, at the time he received the stolen goods, had knowledge that they had been stolen. *If he did not have actual or positive knowledge, the question is whether from the circumstances he—not some other person—believed they had been stolen.* The circumstances must have that effect upon his mind, to constitute knowledge by him. The question must be determined upon the individual test of the accused \* \* \*.' " 171 Or at 671. (Emphasis supplied.)

The court in *Aschenbrenner* went on to say that *State v. Savan,* 148 Or 423, 36 P2d 594, 96 ALR 497 (1934), which dealt with the statute before us today (then § 23-530 OCLA), did not conflict with its holding that actual knowledge was required. 171 Or at 675.

We hold that ORS 165.045 requires actual knowledge or belief[⑨] by defendant that the property is stolen. Of course, in the absence of direct evidence a jury may draw reasonable inferences of whether, from the facts and circumstances, the defendant knew or believed the property was stolen.

*Morissette v. United States,* 342 US 246, 72 S Ct 240, 96 L Ed 288 (1952), the sole authority upon which defendant relies to support his contention in this assignment of error, does not conflict with our holding. *Morissette* held that Congress did not intend to eliminate criminal intent from 18 USC § 641, which provides conviction for whoever "embezzles, steals, purloins or *knowingly converts*" government property. (Emphasis supplied.) The reasoning of *Morissette* does not condemn directly or implicitly a standard for "guilty

---

[⑨] Although as a matter of semantics, "knowledge" differs from "belief," in respect to receiving and concealing statutes the two are generally used synonymously. 2 Wharton, Criminal Law & Procedure, supra, at 285.

knowledge" of "knowing or having good reason to believe."⑨ The statute is constitutional.

 ▮ Defendant assigns as error the trial court's instruction on guilty knowledge:

"Now the State is required to prove \* \* \* that *he* knew or had good reason to believe the personal property was stolen \* \* \*.

"\* \* \* \* \*

"Now, guilty knowledge is a state of mind. The state of mind of a defendant may be proved in two ways. First, by an admission or admissions; or second, by circumstances. From circumstances, you may impute guilty knowledge. When I say impute, I mean you can attribute guilty knowledge. You may impute guilty knowledge from evidence if any there be, which tends to show first that the defendant was in possession of recently stolen property and secondly, *that the defendant was aware of circumstances at the time of the offense charged which*

---

⑨ Our holding accords with cases we have recently decided involving related questions. In State v. Neel, 8 Or App 142, 493 P2d 740 (1972), we held that as a matter of legislative intent actual knowledge was a requisite for conviction of possession of marihuana, ORS 474.020, or dangerous drugs. ORS 475.100. We expressly reserved judgment on what would be the requisite mental element required by the statute before us today. State v. Neel, supra, 8 Or App 149, n 3.

In State v. Gulbrandson, 2 Or App 511, 470 P2d 160 (1970), we addressed the question of whether an indictment charging defendant with possessing a stolen motor vehicle "having reason to believe" it was stolen was unconstitutionally vague because it did not require "guilty knowledge" as a prerequisite to a finding of guilty. We held the statute was capable of constitutional construction and that the indictment, which was in the words of the statute, was proper. However, pertinent to the posture of the constitutional objection in the case at bar, we stated:

"\* \* \* Whether anything short of 'actual knowledge' is constitutionally sufficient is a question which has not been squarely answered in this state. This question may sometimes arise in connection with a requested jury instruction or motion for judgment of acquittal, or in some other manner, but it is not before us now." 2 Or App at 514.

*would compel any rational person to conclude that the property had been stolen."* (Emphasis supplied.)

■ Under the standard set out in ORS 165.045, which we have construed to require a finding that *defendant* knew or believed the property was stolen, the court's reference to a "rational person" standard was erroneous, for we construe the words "rational" and "reasonable" as synonymous in this context. See Webster's Third New International Dictionary (1969).

However, the exception to this instruction did not apprise the trial court why it was erroneous. The exception was:

"I'll except to the good reason to believe it's stolen on the same grounds I set forth in my motion to take it from the jury * * *."

The motion to "take from the jury" thus referred to was the motion for a directed verdict, the pertinent portion of which is:

"* * * I also move to take from the jury on count one, the indictment, so much of the allegation that states having good reason to believe on the grounds it violates due process under Section 1, Fourteenth Amendment to the United States Constitution for a statute such as, ORS 165.045, found felony guilty so stupid or ignorance."

The exception, by referring to grounds for a previous motion, which were unintelligible, so obscured the real reason the instruction was erroneous, if that is what defendant was urging, as to violate the requirement that proper exception be taken if we are to consider the error on appeal. *State v. Barton,* 8 Or App 186, 492 P2d 828, Sup Ct *review denied* (1972). Exceptional circumstances do not exist in this case for us to con-

sider the error, as was done in *State of Oregon v. Nodine,* 198 Or 679, 259 P2d 1056 (1953).

Affirmed.