Argued September 18, affirmed December 11, 1978, petition for
review denied April 17, 1979

STATE OF OREGON, *Respondent,*
*v.*
ROGER JOHN MACK, *Appellant.*
(No. 103,285, CA 10808)

587 P2d 516

Philip J. Hand, Woodburn, and A. B. Cummings, Jr., Salem, argued the cause for appellant. On the brief were Rhoten, Rhoten & Speersta, and A. B. Cummings Jr., Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from his conviction and sentence for the crime of rape in the first degree, raising three assignments of error, all related to the introduction of evidence of prior crimes or arrests. We affirm.

Defendant first contends that the trial court erred in denying a defense motion for a mistrial following cross-examination of a character witness by the prosecution concerning a prior arrest of defendant which did not lead to a conviction. A character witness had testified on defendant's behalf that he knew the defendant and found the charge against him unbelievable. The assignment of error focuses on the propriety and effect of the following question asked on cross-examination:

> "Q  Tell me, * * * you heard [sic] this defendant previously had been arrested for sodomy —"

The trial court sustained defendant's objection because the arrest had not led to a conviction and instructed the jury to disregard the question, but refused to grant a mistrial.

In *State v. Kendrick,* 31 Or App 1195, 572 P2d 354 (1977), *rev den* 282 Or 385 (1978), we stated:

> "It is well established that a witness who has testified in regard to the reputation of another for a particular trait may properly be asked if he has heard of specific incidents involving the other person which would bear upon his reputation for the trait in question. *Michelson v. United States,* 335 US 469, 93 L Ed 168, 69 S. Ct. 213 (1948); *State v. Ogden,* 39 Or 195, 65 P 449 (1901); *State v. Bateham,* 94 Or 524, 186 P 5 (1919); *State v. Linn,* 179 Or 499, 173 P2d 305 (1946); *see also* McCormick on Evidence, § 158 (1954 ed.). Such inquiries are allowed, not as a means of establishing that these prior incidents have occurred, but to test the witness' knowledge of the other's reputation * * *." 31 Or App at 1200.

■ This rule applies even where the "incident" raised on cross-examination is an arrest which has not led to conviction. *Michelson v. United States,* 335 US 469, 69

S Ct 213, 93 L Ed 168 (1948), sets forth the distinction between the questioning of a character witness as to knowledge of the defendant's arrest record and questioning of a witness as to his own arrests:

"A character witness may be cross-examined as to an arrest whether or not it culminated in a conviction, according to the overwhelming weight of authority. * * * This rule is sometimes confused with that which prohibits cross-examination to credibility by asking a witness whether he himself has been arrested.

"Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.

"Arrest without more may nevertheless impair or cloud one's reputation. * * * Reputation is the net balance of so many debits and credits that the law does not attach the finality to a conviction when the issue is reputation, that is given to it when the issue is the credibility of the convict.

"The inquiry as to an arrest is permissible also because the prosecution has a right to test the qualifications of the witness to bespeak the community opinion. If one never heard the speculations and rumors in which even one's friends indulge upon his arrest, the jury may doubt whether he is capable of giving any very reliable conclusions as to his reputation." (Footnote omitted.) 335 US at 482-83.

Rulings on motions for mistrial are properly within the discretion of the trial court and we review those rulings only for abuse of discretion or "the tolerance of uninvited prejudice." *State v. Stanley,* 30 Or App 33, 36, 566 P2d 193, *rev den* (1977). Since the trial court could properly have allowed the prosecution's question about defendant's arrest, the defendant was not prejudiced by the question. The jury was, in fact, instructed to disregard the question, leaving the defendant in, if anything, a more advantageous position than warranted.

Defendant next contends that the trial court erred

in permitting the prosecution to question the defendant about a prior conviction for attempted adultery because the conviction was not a crime at either the time of the alleged commission of or trial for the present crime and because the conviction is nearly 12 years old and, therefore, too remote to have any probative value.[1] Following arguments outside the presence of the jury, the trial judge ruled in advance that the prosecution could question the defendant about his prior conviction for attempted adultery, stating that defendant's objections spoke only to the weight to be given the evidence.

Impeachment of a witness through evidence of prior convictions is governed by ORS 45.600 which provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, *except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime.* (Emphasis supplied.)

In 1966, defendant was arrested for the crimes of assault and attempted rape. He pled guilty to the crime of attempted adultery. Defendant contends that because this offense has since been removed from the Oregon Criminal Code[2] it is no longer a crime within the meaning of ORS 45.600. In *Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974), the Supreme Court stated:

"* * * By the adoption of what is now ORS 45.600 the Oregon legislature has apparently adopted the view, as a matter of public policy, that a jury may properly find that a person who has been *convicted of any crime* may

---

[1] Because the argument was not raised below, we do not consider defendant's contention that use of a remote conviction renders the statute unconstitutional as applied. *Highway Com. v. Helliwell,* 225 Or 588, 591, 358 P2d 719 (1961); *State v. Zusman,* 1 Or App 268, 460 P2d 872 (1969), *rev den, cert den* 398 US 905, 90 S Ct 1698, 26 L Ed 2d 65 (1970).

[2] Oregon Laws 1971, chapter 743, section 432.

be less reliable as a witness than a person who has never been convicted of any crime." (Emphasis supplied.) 268 Or at 51.

Defendant was convicted of a crime and, therefore, fits within the clear and unambiguous language of the statute.

■ The defense argues that the conviction should have been excluded because it was too remote. The defendant's argument is based on a contention that the probative value of a remote conviction is outweighed by its prejudicial nature. However, the Supreme Court has held that under ORS 45.600, a trial court has no discretion to refuse an offer of proof of a prior conviction upon grounds of undue prejudice. *Marshall v. Martinson, supra,* 268 Or at 51; *Smith v. Durant,* 271 Or 643, 658-60, 534 P2d 955 (1975). In light of these holdings, we will not read a qualification based on remoteness into the statute.

Defendant's final assignment of error is that the trial court erred in considering the prior sodomy arrest which did not lead to conviction in determining the defendant's sentence. The defendant was arrested for sodomy in 1971. Charges were dropped when the victim moved from the area and became unavailable for testimony. This incident was noted in the presentence investigation report prepared by the Corrections Division. The preparer of the report testified at the sentencing hearing that he took the arrest record into account in recommending a 20-year sentence. The trial judge sentenced defendant to incarceration for not more than 12 years, stating: "The background arrest record and one conviction record has contributed to that."

■■ A presentence report may properly include a defendant's prior arrest record. *State v. Scott,* 237 Or 390, 390 P2d 328 (1964); *State v. Hargon,* 2 Or App 553, 470 P2d 383 (1970). The trial court may properly consider a presentence report from an investigation conducted by probation officers pursuant to ORS

137.530. ORS 137.090. Therefore, the trial court did not err in considering the sodomy arrest as one of the factors in setting defendant's sentence.

Affirmed.