Argued and submitted May 13, affirmed July 27, 1981

## STATE OF OREGON,
*Respondent,*
*v.*
## ANDREW RAYMOND LAWSON,
*Appellant.*
### (No. C 80-04-31333, CA 19826)
631 P2d 816d

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for Robbery in the Second Degree, assigning as error (1) the trial court's denial of a post-indictment preliminary hearing and (2) the overruling of his objection to the state's use of his criminal record for impeachment purposes. We affirm.

Defendant's first assignment of error, *viz.,* that he was denied equal protection of the law by the Oregon constitutional scheme under which he was indicted by a grand jury without the benefit of a preliminary hearing while others are or could be charged by information and receive a preliminary hearing, has been decided contrary to his position by *State v. Clark,* 291 Or 231, 630 P2d 810 (1981).

Defendant's second assignment of error arose out of his very brief appearance on the stand. Defendant's counsel had earlier shown a prosecution witness certain "mug shots" of defendant. When defendant was called to the stand, the following colloquy occurred:

"[DEFENSE COUNSEL] Mr. Lawson, I'm going to hand you what's been marked for identification as Defendant's Exhibits 9, 10 and 11. Is that you in all of those pictures?

"[DEFENDANT] Yes.

"Q. Do you remember my showing those to Mr. Matarazzo when he was on the witness stand?

"A. Yes.

"Q. This is you?

"A. Yes."

This was the extent of defendant's substantive testimony. Thereafter, the state, on cross-examination and over defendant's objection and motion for mistrial, was permitted to impeach defendant with evidence that he previously had been convicted of a crime. ORS 45.600.[1]

---

[1] ORS 45.600 provides:

"A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworthy of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

It is true that there was little here to "impeach." However, both this Court and the Supreme Court have held that the right to utilize the provisions of ORS 45.600 arises out of the fact, and not the length or content, of defendant's testimony. *See Marshall v. Martinson,* 268 Or 46, 518 P2d 1312 (1974); *State v. Mack,* 37 Or App 487, 587 P2d 516, *rev den* (1979).

Affirmed.