# OREGON OCCUPATIONAL SAFETY AND HEALTH DIVISION,
## *Respondent,*

*v.*

# RENO DRAIN OIL SERVICES,
## *Petitioner.*

## (SH-95293; CA A100331)

986 P2d 739

Blair M. Henderson argued the cause and filed the brief for petitioner.

Kelly Knivila, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Edmonds and Brewer, Judges.

BREWER, J.

## BREWER, J.

Defendant Reno Drain Oil Service seeks review of a final order of the Workers' Compensation Board affirming citations for work place safety violations issued against defendant by the Oregon Occupational Safety and Health Division (OR-OSHA). Defendant assigns error to the Board's denial of its motion to dismiss the citations based on the statute of limitations. We review for errors of law and reverse and remand. ORS 183.482(8)(a).

During the summer of 1994, defendant contracted to repair a water tank for Weyerhaeuser Company. On September 6, 1994, OR-OSHA received a telephone complaint from one of defendant's employees alleging that defendant's worksite practices were unsafe. A complaint form prepared by an OR-OSHA employee summarized that complaint as follows:

> "[Defendant's e]mployees are entering the east water tank at Weyerhaeuser. No training is provided for entering confined spaces. Employees are provided with Certificates of Training provided three years ago when the current employees were not working at the Company. There is no set confined space entry program, no fit testing for respirators. An airline respirator is being used, no testing done on compressor, no alarms. Employees are sand blasting the inside of the tank with silica, no hazard communications program."

Because defendant's employees were unavailable on the day of the complaint, OR-OSHA's compliance officer did not commence his investigation until October 21, 1994. That investigation resulted in the issuance of three citations on April 3, 1995. The first citation alleged violation of 29 CFR 1926.59(h), which requires employers to provide information and training to employees about hazardous chemicals—in this case, silica—in their work area. The second alleged a violation of 29 CFR 1926.21(b)(6)(i), which requires instruction, precautions, and the use of safety equipment when employees enter a confined space. The third cited defendant for violating OAR 437-003-0037, which requires the use of respiratory devices approved by the National Institute on Occupational Safety and Health.

A hearing was held before an administrative law judge (ALJ) to determine whether the citations were well founded. On the first day of the hearing, defendant filed a motion to dismiss the citations, asserting that they were issued after the 180-day statute of limitations, ORS 654.071(3),[1] had expired. The ALJ denied the motion, ruling that the statute of limitations commences only on completion of the investigation:

> "I would read subsection three as if it * * * read 'no citation or notice of proposed civil penalty issued *after an inspection or investigation of a place of employment* [may be issued after the expiration of 180 days] * * *. And so I think that [ORS 654.071(1)[2] and (3)] inevitably have to be read together and cannot be separated." (Emphasis added.)

The ALJ reaffirmed that ruling in his final opinion and order, stating that "the investigation was ongoing for a period of time after September 6, 1994, *and until the investigation was completed* O[R]-OSHA had knowledge only of *alleged* violations." (First emphasis added.) The ALJ's order is deemed to be the final order of the Board. ORS 654.290(2)(b). The ALJ then ruled on the merits in OR-OSHA's favor on the first and third citations and in favor of defendant on the second.

■  Defendant assigns error to the Board's denial of its motion to dismiss. Defendant argues that the form OR-OSHA filled out on receipt of the telephone complaint demonstrates that OR-OSHA had "knowledge" of the complaint on September 6, 1994, more than 180 days before the citations issued on April 3, 1995. Defendant contends that the Board erred in concluding that the statute of limitations begins to run only on completion of an investigation.

---

[1] ORS 654.071(3) provides, in part:

"No citation or notice of proposed civil penalty may be issued under this section after the expiration of 180 days following the director's knowledge of the occurrence of a violation * * *."

[2] ORS 654.071(1) provides, in part:

"If the Director of the Department of Consumer and Business Services or an authorized representative of the director has reason to believe, *after inspection or investigation of a place of employment,* that an employer has violated any state occupational safety or health law, regulation, standard, rule or order, the director or authorized representative shall with reasonable promptness issue to such employer a citation * * *." (Emphasis added.)

OR-OSHA concedes that the Board's conclusion was erroneous. However, OR-OSHA maintains that, under the correct interpretation of the statute, it did not have knowledge of the violations until at least the beginning of the investigation, a date within 180 days before the citations were issued.

We agree with the parties that the Board erroneously interpreted ORS 654.071(3). The Board read into subsection (3) of the statute a requirement, derived from language in subsection (1), that the investigation be complete before the limitations period could commence. ORS 654.071(1) authorizes the director or an authorized representative of the director to issue a citation if, after investigation or inspection, either has *reason to believe* that a violation exists. In *Oregon Occupational Safety v. Port of Portland*, 141 Or App 467, 473-74, 918 P2d 448 (1996), we held that subsection (1) authorizes the issuance of a citation based on constructive knowledge of a violation. On the other hand, we concluded "that the 180-day period [under ORS 654.071(3)] is triggered by the director's *knowledge*, and * * * that what the director must have knowledge of is a *violation.*" *Id.* at 472 (emphasis in original). The constructive knowledge of a violation that suffices to issue a citation following investigation under ORS 654.071(1) is distinct from the actual knowledge that triggers the statute of limitations for purposes of ORS 654.071(3). *Id.* OR-OSHA contends, and we agree, that the director's actual knowledge of a "violation" could trigger the limitations period at any point—before, during, or after the investigation—that he or she becomes aware that all the elements of a particular violation exist.

That said, we turn to the question of when OR-OSHA had actual knowledge of the violations for which it cited defendant. Defendant urges us to impute actual knowledge of the alleged violations to the director as of September 6, 1994, the date the telephone complaint was made. OR-OSHA replies that, although the Board misinterpreted the statute of limitations, we should affirm its order because the outcome was nonetheless correct. We decline both invitations.

The question of when OR-OSHA acquired actual knowledge of the violations is one of fact for the Board to

determine. Because the Board decided the statute of limitations defense on purely legal grounds, it did not make a factual determination as to when the director had actual knowledge of the violations. Therefore, we cannot affirm the order on the basis that the outcome was correct. OR-OSHA correctly observes that defendant did not controvert the investigator's testimony that the agency's knowledge of the alleged violations was incomplete before the investigation began on October 21, 1994. However, the uncontradicted testimony of an interested witness concerning the state of his or her knowledge or intent is not conclusive on the finder of fact. *Transpacific Leas. v. Klineline Sand*, 272 Or 133, 146, 535 P2d 1360 (1975). The factfinder may also rely, for example, on circumstantial evidence to make that determination. *Cf. State ex rel Juv. Dept. v. Mitchell*, 142 Or App 40, 43, 920 P2d 1103 (1996); *State v. Neel*, 8 Or App 142, 149, 493 P2d 740 (1972).

Therefore, we remand to the Board for reconsideration of defendant's motion to dismiss in accordance with this opinion. Because of our disposition of defendant's first assignment of error, we do not consider its second and third assignments.

Reversed and remanded for reconsideration.