STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
RICHARD DORSEY, DEFENDANT-RESPONDENT.

Argued May 21, 1973—Reargued March 5, 1974—
Decided March 19, 1974.

*Mr. Robert W. Gluck,* Deputy Attorney General, argued the cause for appellant (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Gluck,* of counsel and on the brief).

*Mr. Ronald B. Sokalski,* Designated Attorney, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Sokalski,* on the brief).

The opinion of the Court was delivered by

MOUNTAIN, J. Defendant and one Michael Watts were indicted for violating *N. J. S. A.* 2A:115–1 in that they committed acts of private lewdness with a certain young lady. The statute under which the indictments were laid reads as follows:

Any person who commits open lewdness or a notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people, or in private commits an act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor. [*N. J. S. A.* 2A:115–1]

It was charged that one or both of the co-defendants had unbuttoned the young lady's dress and had placed his hands on

her breasts, thighs and legs. Defendant Dorsey was convicted and Watts was acquitted.

Watts and Dorsey were engaged in soliciting orders for professional photographs to be taken in the home. They had been referred to the young lady by a friend. Upon the day in question, after being admitted to her apartment and following some conversation about the proposed photographs, she was asked whether she had ever modeled. She admitted that she had. According to her testimony, Watts, commenting upon what a fine figure she had for modeling, placed his hands under her dress on her upper thigh. As she moved away, Dorsey followed her, unbuttoned her dress and placed his hands on her breasts, abdomen and thighs. She ran into another room and both men departed. The defendants, at the trial, admitted their presence in the apartment but denied that either of them had touched the complaining witness. During the course of the trial the judge removed any charge of "carnal indecency" from the case, which left solely the issue of private lewdness to be submitted to the jury.

The Appellate Division reversed the conviction, holding that while the acts committed were of course reprehensible and might well have constituted the basis for a charge of assault and battery or possibly assault with intent to commit rape, they did not support a conviction of the statutory crime of private lewdness.

██ ██ The crime of private lewdness is difficult to define. Originally the statute embraced only public and open lewdness. *An Act for the Punishment of Crimes* passed March 18, 1796 first condemned such conduct. *Paterson,* § 16, p. 210. Subsequent revisions of our criminal statutes left the original language substantially unchanged. Compare *L.* 1898, *c.* 235, § 51, p. 808. These enactments were merely declaratory of the common law, which looked upon open and public indecency as a common nuisance, injurious to public morals. *State v. Brenner,* 132 *N. J. L.* 607, 609 (E. & A. 1944). Not until 1906 was the statute amended to include carnal indecency and private lewdness. *L.* 1906, *c.* 71, p. 101. Thence-

forth the commission, in private, of an act of lewdness or carnal indecency, with another, if grossly scandalous and tending to debauch the morals and manners of the people, was a misdemeanor. But nothing in the act made clear precisely what the Legislature intended to encompass, nor exactly what was meant by private lewdness. Lewdness has been described as conduct of a lustful, lecherous, lascivious or libidinous nature. This definition is pleasantly alliterative but not especially revealing. Our former Court of Errors and Appeals, in considering this statute, has shed some light upon its meaning by indicating certain things it does *not* include.

Lewdness, within the concept of the statute, imports some degree of sexual aberration or impurity. It denotes gross and wanton indecency in the sexual relations. Blackstone defines "open and notorious lewdness" at common law as "some grossly scandalous and public indecency." 4 *Blk. Com.* 64. Neither adultery nor fornication is a criminal offense at common law, unless by the manner of its commission it constitutes a public nuisance. *State v. Lash,* 16 *N. J. L.* 380; 4 *Blk. Com.* 64; 1 *Am. Jur.* 683. As used in a statute rendering "open" lewdness criminal, the term has been defined as "the irregular indulgence of lust, whether public or private." *Commonwealth v. Wardell,* 128 *Mass.* 52. The amendment of 1906, *supra,* has reference to grossly scandalous lascivious acts and behavior, in private, tending to debauch the morals and manners of the people. Plainly, this category does not comprehend either adultery or fornication, for these transgressions against chastity and sexual decency had long since been denounced as misdemeanors; and there is no suggestion of a purpose thus to reclassify them. [citing statutes] It has long been the legislative policy to deal with adultery, fornication, and lewdness by companion provisions under the general head of crimes against public morals and the institution of marriage. We do not entertain the view, seemingly expressed by the Supreme Court in *State v. Michalis,* 99 *N. J. L.* 31 that if the act in question has a tendency to debauch the morals and manners of the people when committed in public, then it is lewdness within the intendment of the statute when done in private. [*State v. Brenner, supra,* at 610–611]

This decision thus holds that the statute, *N. J. S. A.* 2A: 115–1, does not include acts of adultery or fornication, and that conduct will not necessarily amount to private lewdness merely because, had the act been committed openly, it would

be considered public lewdness. The basis for excluding adultery and fornication from the reach of the statute condemning private lewdness is the fact that these kinds of sexual misconduct have been made crimes by separate enactments, viz, *N. J. S. A.* 2A:88–1 (adultery) and *N. J. S. A.* 2A:110–1 (fornication). We accept this interpretation, and note that the same may be said as to prostitution. *N. J. S. A.* 2A:133–1 *et seq.*

By further parity of reasoning it would seem that at the present time conduct involving obscenity but not otherwise offensive should not be considered to come within the statutory meaning of private lewdness, in view of the comprehensive legislation that covers obscenity. *N. J. S. A.* 2A:115–1.1 to 3.10. Furthermore it must be borne in mind that obscenity — at least when unaccompanied by public overtones — has received at least some measure of constitutional protection. In *Stanley v. Georgia,* 394 *U. S.* 557, 89 *S. Ct.* 1243, 22 *L. Ed.* 2d 542 (1969) the Supreme Court held invalid a state statute prohibiting the possession of obscene materials within the home. To the extent that an individual's right of privacy is protected by this holding, he is clearly beyond the purview of any statute proscribing private lewdness.

While it seems easier to isolate conduct from the reach of the statute than to specify what it in fact comprehends, a review of our case law does reveal at least two kinds of offensive conduct that seem generally to have been held to fall within the ambit of this legislation. Acts of indecent exposure and certain acts tending to debauch or corrupt the morals of minors seem to have been consistently prosecuted under this statute.

In the following cases indecent exposure was charged, either as public or private lewdness depending upon the circumstances presented. *State v. Beckett,* 56 *N. J.* 267 (1970); *Van Houten v. State,* 46 *N. J. L.* 16 (Sup. Ct. 1884); *State v. Cohen,* 108 *N. J. L.* 216 (Sup. Ct. 1931), aff'd 110 *N. J. L.* 17 (E. & A. 1933); *State v. Buffano,* 5 *N. J. Super.* 255 (App. Div. 1949). Acts likely to debauch or impair the

morals of a minor were charged as private lewdness in *State v. Spriggs,* 106 *N. J. L.* 4 (Sup. Ct. 1929); *State v. Toohey,* 6 *N. J. Super.* 97 (App. Div. 1950); *State v. Fleckenstein,* 60 *N. J. Super.* 399 (App. Div. 1960); and *State v. Raymond,* 74 *N. J. Super.* 434 (App. Div. 1962), appeal dismissed, 39 *N. J.* 241 (1963). In each of the following decisions the act of private lewdness charged consisted of indecent exposure in the presence of a minor, thus combining these two types of offensive conduct. *State v. Goldstein,* 72 *N. J. L.* 336 (Sup. Ct. 1906), aff'd 74 *N. J. L.* 598 (E. & A. 1907); *State v. Rodesky,* 86 *N. J. L.* 220 (E. & A. 1914); *State v. Hintenberger,* 41 *N. J. Super.* 597 (App. Div. 1956).

As we said in *State v. Lair,* 62 *N. J.* 388, 393 (1973), ". . . penal legislation must define forbidden conduct with sufficient clarity to enable one to understand what he may or may not do to avoid infringing the legislative command." Although the statutory crime of private lewdness has not been legislatively defined, its history before the courts furnishes rather clear guidelines for definition. We believe it should be confined in accordance with what has been said above, to acts of indecent exposure and to acts tending to subvert the morals of minors.

We note that this is the approach adopted by the New Jersey Criminal Law Revision Commission. In the proposed New Jersey Penal Code, submitted as part of the Commission's Final Report (Oct. 1971), there is no reference to private lewdness as such. Open lewdness is made a disorderly persons offense, § 2C:34–1, as is indecent exposure, § 2C:14–5. Conduct likely to debauch or impair the morals of a minor is proscribed by §§ 2C:14–3 and 2C:24–4.

Certainly we agree with the Appellate Division that the acts claimed to have occurred in this case do not fall within the ambit of this statute. Under our criminal law as it now stands, defendant should have been prosecuted for simple assault and battery. We are satisfied the facts could not form the basis for a conviction of assault with intent to

rape. The State may have been reluctant to pursue this course since a simple assault and battery is now only a disorderly persons offense and not an indictable offense. *N. J. S. A.* 2A:170–26 has in this respect superseded *N. J. S. A.* 2A:85–1, which formerly made assault and battery a misdemeanor. *State v. Maier*, 13 *N. J.* 235 (1953).

Section 2C:14–4[1] of the proposed New Jersey Penal Code is entitled "Sexual Assault" and would seem exactly designed to cover the kind of censurable conduct of which the jury found this defendant to have been guilty. Under that proposed enactment as well, defendant's conduct here would be deemed a disorderly persons offense.

---

[1]The proposed enactment reads as follows:

A person who has sexual contact with another not his spouse, or causes such other to have sexual contact is guilty of sexual assault if:

    a. he knows that the contact is offensive to the other person; or

    b. he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct; or

    c. he knows that the other person is unaware that a sexual act is being committed; or

    d. the other person is less than 12 years old; or

    e. he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the other's knowledge drugs, intoxicants or other means for the purpose of preventing resistance; or

    f. the other person is less than 16 years old and the actor is at least four years older than the other person; or

    g. the other person is less than 21 years old and the actor is his guardian or otherwise responsible for general supervision of his welfare; or

    h. the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him.

Sexual assault under Subsection d is a crime of the third degree. Sexual assault under Subsection e and f is a crime of the fourth degree. Otherwise, it is a disorderly persons offense.

Sexual contact is any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire.

The judgment of the Appellate Division is affirmed.

*For affirmance* — Chief Justice HUGHES and Justices JACOBS, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*For reversal*—None.