69 N.J. 574 (1976)
355 A.2d 195
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
J.O. AND F.C., DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued February 9, 1976.
Decided March 25, 1976.
Mr. Peter S. Hamerslag, Deputy Attorney General, argued the cause for plaintiff-appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Hamerslag, of counsel and on the brief).
*575 Mr. Emerson L. Darnell argued the cause for defendants-respondents (Messrs Darnell and Scott, attorneys; Mr. Darnell on the brief).
PER CURIAM.
Defendants were convicted of committing an act of private lewdness in violation of N.J.S.A. 2A:115-1, which provides:
Any person who commits open lewdness or a notorious act of public indecency, grossly scandalous and tending to debauch the morals and manners of the people, or in private commits an act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor.
Defendants, adult males, were engaged by mutual consent in an act of fellatio in a parked vehicle when discovered by a Trooper of the New Jersey State Police. At the time of the incident, which occurred on March 4, 1972, the vehicle was parked in a rest area adjacent to a State Highway in Deptford Township, Gloucester County. The State Trooper pulled into the area at approximately 7:30 P.M. and observed a few cars parked about 40 or 50 feet apart. Defendants' vehicle was approximately 20 feet from a picnic area and 200 feet from the road. The area was dark with no artificial lighting. As the patrol car was driven past defendants' car, the Trooper, with the aid of a flashlight, saw the defendants in an unnatural position and requested the driver of the patrol car to stop. The Trooper alighted and pointed his light directly into the defendants' parked car, whereupon he observed the defendants engaged in an act of fellatio. No other persons were seen by the Trooper in the rest area at the time of the incident.
The Appellate Division, in an unreported opinion, one judge dissenting, reversed defendants' conviction, relying principally upon this Court's pronouncement in State v. Dorsey, 64 N.J. 428 (1974), which was decided after defendants' trial. In Dorsey we concluded that the statutory *576 crime of private lewdness should be defined as and limited to "acts of indecent exposure and to acts tending to subvert the morals of minors." Id. at 433. We reaffirm the holding in Dorsey and take this opportunity to clarify what type of conduct constitutes an act of indecent exposure amounting to private lewdness.
We believe the proper standards for ascertaining whether a privately committed act is one of indecent exposure within the meaning of the criminal statute is whether under the circumstances, the conduct is offensive, or has the likelihood of being offensive, to the persons who are present. The dissenting member of the Appellate Division premised his conclusion that defendants were guilty of committing a private act of indecent exposure, upon the presumption  wholly reasonable  that the vast majority of the public would find such conduct offensive were it to occur in their presence. The point is that it did not occur in their presence. Nor did it occur under circumstances in which the defendants could reasonably be deemed to have intended, or known, that their conduct was likely to be seen by the public. We deal here with an act of private, as opposed to public, lewdness. Our decision today centers, not upon the prevalent public view as to the offensiveness of the conduct, but rather upon the question as to whether the parties involved in the questionable conduct or witnessing its occurrence would find the exposure offensive. Clearly, a private act of exposure between consenting adults  as occurred here  is not offensive to the participants. Thus, we find that such conduct is not indecent exposure within the meaning of N.J.S.A. 2A:115-1.
This approach parallels that adopted by the New Jersey Criminal Law Revision Commission. The proposed New Jersey Penal Code (Oct. 1971) defines an act of indecent exposure as one committed "under circumstances in which [the actor] knows his conduct is likely to cause affront or alarm." § 2C:14-5. It is also noteworthy that the proposed *577 New Jersey Penal Code, consistent with its approach to private sexual conduct, eliminates the offense of private lewdness. See Commentary, § 2C:34-1. Rather, the proposed Code confines its proscription to acts of open lewdness, which are defined as "any lewd act which [the actor] knows is likely to be observed by others who would be affronted or alarmed." § 2C:34-1. Taken together, these provisions clearly evince the New Jersey Criminal Law Revision Commission's conclusion that a private consensual act between adults such as committed by defendants, should not be within the ambit of criminal statutes.
Accordingly, we affirm the Appellate Division's reversal of defendants' conviction. In light of this holding, we find it unnecessary to reach the constitutional issue raised by defendants, namely, whether the constitutionally protected right of privacy encompasses all private sexual activity between consenting adults so as to render N.J.S.A. 2A:115-1 an unconstitutional invasion of that right.
For affirmance  Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD  7.
For reversal  None.