**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1098-24

ROBERT CAUVIN,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE TOWNSHIP OF NORTH
BRUNSWICK, MIDDLESEX
COUNTY and NEW JERSEY
DEPARTMENT OF EDUCATION,
OFFICE OF STUDENT
PROTECTION,

     Respondents-Respondents.

_____

Submitted January 13, 2026 – Decided February 3, 2026

Before Judges Firko and Perez Friscia.

On appeal from the New Jersey Commissioner of Education, Docket No. 195-7/22.

Schwartz Law Group, LLC, attorneys for appellant (Andrew L. Schwartz, on the briefs).

Methfessel & Werbel, PC, attorneys for respondent Board of Education of the Township of North

Brunswick (Eric L. Harrison, of counsel; Jeffrey R. Merlino, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (David L. Kalisky, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Robert Cauvin appeals from the November 4, 2024 final agency decision (FAD) of the Acting Commissioner of Education (Commissioner) finding he is permanently disqualified from working in any Department of Education (DOE) supervised educational institution pursuant to N.J.S.A. 18A:6-7.1 because he was convicted of lewdness, N.J.S.A. 2C:14-4. Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

To give context to the issues presented on appeal, we summarize the facts and procedural history from the record. In October 1997, Cauvin was convicted of disorderly persons lewdness, N.J.S.A. 2C:14-4(a), in North Brunswick Municipal Court. He pled guilty and admitted to having consensual sex in a parked vehicle. The municipal court sentenced Cauvin to a $255 fine, which he paid.

In 1998, following his conviction, Cauvin was hired by the Scotch Plains-

Fanwood Regional School District as a public school teacher and worked there for approximately five years. He obtained teaching certificates in "Elementary School Teacher" and "Teaching of Handicapped." In September 2003, the North Brunswick Township School District (North Brunswick School District) hired Cauvin as a tenured special education teacher. While Cauvin underwent employment background checks for both school districts, his lewdness conviction was not discovered.

On May 3, 2022, the DOE's Office of Student Protection (OSP)[1] emailed the North Brunswick School District's Superintendent, advising information was received that Cauvin had a lewdness conviction. The OSP's email stated that Cauvin's conviction permanently disqualified him from "serving in any position . . . with any educational institution under the supervision of the [DOE]." The OSP also notified Cauvin by letter that a municipal court record showed his lewdness conviction in 1997 and it "permanently disqualified" him from serving in a teaching position under the supervision of the DOE. The letter further stated Cauvin "[had fourteen] days from the date of [the] written notice to challenge the accuracy of [his] criminal history record."

---

[1] We note the record and parties' merits briefs interchangeably refer to the DOE and OSP. For the purposes of consistency, we refer only to the DOE unless the action taken was directly by the OSP.

The same day, the acting superintendent had Cauvin personally served with a letter informing him that the North Brunswick School District received a notice of his permanent disqualification from teaching based on his conviction, and, as a result, he was terminated from employment. On May 11, the North Brunswick Board of Education (Board) adopted a resolution retroactively terminating Cauvin's employment.

On July 21, 2022, Cauvin filed an application for emergent relief with the Commissioner. About two weeks later, the Administrative Law Judge (ALJ) heard the application and denied Cauvin's requested emergent relief. Thereafter, the Commissioner issued an order adopting the ALJ's decision and finding Cauvin "failed to demonstrate entitlement to emergent relief." The Commissioner also ordered that "th[e] case shall continue at the [Office of Administrative Law (OAL)]."

On August 26, 2022, Cauvin filed a three-count amended petition of appeal requesting the Commissioner find the following: the Board violated Cauvin's tenure rights because he was entitled to have tenure charges filed and further proceedings; the Board was required to reemploy him as a teacher and compensate his economic damages; Cauvin did not commit a "disqualifying crime or offense" requiring termination based on the Supreme Court's holding

4

in State v. J.O., 69 N.J. 574 (1976); and the OSP was required to modify its records to indicate Cauvin "was not disqualified from holding a tenured full time teaching position."

On August 21, 2023, Cauvin and the DOE filed cross-motions before the ALJ for a summary decision. The parties also filed joint stipulations. Cauvin stipulated to the lewdness conviction but argued it resulted from his engaging in a consensual sexual act in his car that was parked in a private area. He argued the Board should be ordered to reinstate him as a teacher because his lewdness conviction was based on an act of "private consensual sexual activity" that should not be considered a disqualifying offense. He also contended legal precedent, prior arbitration awards, and earlier Commissioner decisions regarding "unbecoming conduct" mandated that his conviction should not be considered a disqualifying offense. Finally, he asserted the DOE was equitably estopped and barred under laches from determining he was disqualified.

The DOE argued Cauvin's lewdness conviction was a clear disqualifying offense under N.J.S.A. 18A:6-7.l mandating his termination. The DOE explained the OSP learned of the conviction after "a routine follow-up into an

unrelated situation involving Cauvin."[2]   In September 2023, the DOE filed a supplemental brief explaining that "Cauvin's [filed] expungement was denied."

On August 26, 2024, the ALJ issued an order accompanied by an initial decision granting Cauvin's motion for summary decision, denying the DOE's cross-motion for summary decision, and recommending the Commissioner reinstate Cauvin's employment.   While the ALJ noted Cauvin's lewdness conviction was undisputed and that the conviction "resulted in his disqualification" under N.J.S.A. 18A:6-7.1, the ALJ nevertheless ordered Cauvin's employment reinstatement, effective May 3, 2022.   The ALJ determined the DOE failed to provide Cauvin a hearing "to challenge the veracity, accuracy[,] and impact of the disqualifying criminal history."  The ALJ reasoned Cauvin's reinstatement was required based on the following:  "[J.O.] dictate[s] that individuals engaged in private consensual sexual activity could not be found guilty of indecent exposure, or committing an act of open lewdness" under N.J.S.A. 2C:14-4; Caucino v. Bd. of Trs., Tchrs.' Pension and Annuity Fund, 475 N.J. Super. 405 (App. Div. 2023) supports a finding that "an

---

[2]  We note the Commissioner's FAD and other documents reference Cauvin was involved in a separate incident.  The Commissioner's FAD states that Cauvin was "on paid administrative leave following an unrelated November 2021 arrest."  The separate incident is not relevant to this appeal.

A-1098-24

individual cannot be presumed guilty of any form of 'unbecoming conduct' if they were not employed as a teacher" at the time of the offense; and prior Commissioner's decisions and TEACHNJ arbitration awards support Cauvin's reinstatement. Additionally, he found the DOE was not "equitably estopped and barred" under the doctrine of laches from finding Cauvin's 1997 conviction permanently disqualified him from public school employment.

In September 2024, the Board and DOE filed exceptions to the ALJ's decision. They argued the ALJ incorrectly found Cauvin's conviction for lewdness was not a disqualifying event under N.J.S.A. 18A:6-7.1, because the ALJ determined the facts underpinning Cauvin's 1997 offense did not support a conviction. They also argued the ALJ's additional findings were erroneous and did not support Cauvin's reinstatement and back pay. Cauvin's opposition requested the Commissioner to adopt the ALJ's findings, "[d]etermine that . . . [Cauvin] be reinstated as a tenured teaching staff member," and "[i]mmediately reinstate . . . hi[m to the] paid tenured teaching position, retroactive to May 3, 2022." Cauvin did not file an exception to the ALJ's finding that the DOE was not "equitably estopped and barred by the principal of laches from arguing that the 1997 [conviction] constituted a [d]isqualifying [c]rime or [o]ffense."

On November 4, 2024, the Commissioner issued the FAD rejecting the

ALJ's decision and upholding Cauvin's permanent disqualification "from public school employment," termination, and dismissal of his petition. The Commissioner recognized Cauvin had a conviction for lewdness, which resulted after he pled guilty, and that "N.J.S.A. 18A:6-7.1(a) unambiguously states that individuals . . . are 'permanently disqualified from employment' in public schools" for any conviction for "an offense set as forth in [c]hapter 14 of Title 2C." The Commissioner determined the ALJ committed several legal errors in "summarily reversing [Cauvin's] disqualification and ordering his reinstatement." The Commissioner found the ALJ erred in finding the following: Cauvin was not disqualified for a lewdness conviction despite the plain language of N.J.S.A. 18A:6-7.1(a); the law permitted the ALJ to revisit "the propriety of the 1997 lewdness conviction entered following [a] guilty plea"; "the Board violated [Cauvin's] tenure rights by terminating his employment without the filing of tenure charges, and that he [was] entitled to a hearing before an arbitrator regarding his employment"; and Cauvin's "termination [was] unwarranted given prior Commissioner decisions in tenure matters."

The Commissioner explained that the "ALJ lacked jurisdiction" to review Cauvin's lewdness conviction because N.J.S.A. 2C:14-4 is a criminal statute and

"not a school law . . . [that] falls within the Commissioner's purview." The Commissioner found the Board was not required to file tenure charges against Cauvin, and he "[was] not entitled to a hearing before an arbitrator."

On appeal, Cauvin argues the DOE failed to provide him with meaningful due process before permanently disqualifying him from New Jersey public school employment.

## II.

"Judicial review of agency determinations is limited." Bd. of Educ. of Kinnelon v. D'Amico, 477 N.J. Super. 184, 195 (App. Div. 2023) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). "[A]n agency's findings of fact 'are considered binding on appeal when supported by adequate, substantial[,] and credible evidence.'" Donnerstag v. Borawski, 481 N.J. Super. 311, 322 (App. Div. 2025) (quoting Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004)).

A reviewing "court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413,

422 (2008). In determining if an agency's decision is arbitrary, capricious or unreasonable, we examine "(1) whether the agency's action violates express or implied legislative policies," (2) whether there is substantial evidence in the record to support the agency's decision, and (3) whether in applying the law to the facts, the agency reached a conclusion "that could not reasonably have been made on a showing of the relevant factors." Allstars Auto Grp., Inc., 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). Further, "when an agency's decision is based on the 'agency's interpretation of a statute or its determination of a strictly legal issue,' we are not bound by the agency's interpretation." In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020) (quoting Saccone v. Bd. of Trs., PFRS, 219 N.J. 369, 380 (2014)). We review statutory interpretation de novo. Ibid.

To effectuate the Legislature's intent when interpreting a statute, a court must first examine the plain language and ascribe to its words their ordinary meaning. Conforti v. County of Ocean, 255 N.J. 142, 163 (2023). "Where statutory language is clear, courts should give it effect unless it is evident that the Legislature did not intend such meaning." Bubis v. Kassin, 184 N.J. 612, 626 (2005) (quoting Rumson Ests., Inc. v. Mayor & Council of Fair Haven, 177 N.J. 338, 354 (2003)). We "ascribe[] to the statutory words their ordinary

meaning and significance and read[] them in context with related provisions so as to give sense to the legislation as a whole." W.S. v. Hildreth, 252 N.J. 506, 519 (2023) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "The Legislature is presumed to be familiar with its own enactments, with judicial declarations relating to them, and to have passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose." In re Petition for Referendum on Trenton Ordinance 09-02, 201 N.J. 349, 359 (2010) (quoting State v. Federanko, 26 N.J. 119, 129 (1958)).

N.J.S.A. 18A:6-7.1 provides that a school district "under the supervision of the [DOE] . . . shall not employ . . . the paid services of any teaching staff member . . . unless the employer has first determined consistent with the requirements and standards of this act, that no [disqualifying] criminal history record information exists." Further, "[a]n individual, . . . shall be permanently disqualified from employment or service under this act if the individual's criminal history record check reveals a record of conviction for" "[a]n offense as set forth in chapter 14 of Title 2C of the New Jersey Statutes." N.J.S.A. 18A:6-7.1(a). "For the purposes of this section, a conviction exists if the individual has at any time been convicted under the laws of this State . . . ." N.J.S.A. 18A:6-7.1(d). Subsection (e) provides that "an individual shall not be

11

disqualified from employment or service under this act on the basis of any conviction disclosed by a criminal record check performed pursuant to this act without an opportunity to challenge the accuracy of the disqualifying criminal history record." N.J.S.A. 18A:6-7.1(e).

III.

Cauvin contends reversal of his disqualification is warranted because the Commissioner's FAD failed to provide him meaningful due process. He specifically argues the DOE deprived him of "his protected interest in public educational employment" by not affording an "opportunity for a hearing."

While Cauvin argues the DOE failed to provide a hearing, he does not challenge N.J.S.A. 18A:6-7.1's validity or the Commissioner's statutory interpretation. N.J.S.A. 18A:6-7.1 clearly states that a school district "shall not employ . . . any teaching staff member" who is disqualified because of a criminal record. The plain language of the criminal record check in public school employment statute specifically enumerates the disqualifying offenses and crimes. The Legislature's purpose in establishing disqualifying offenses is to protect school "children under the age of 18." N.J.S.A. 18A:6-7.1. To that end, the Legislature determined that a teacher with a conviction for "[a]n offense as

12

set forth in chapter 14 of Title 2C" is permanently disqualified from public school employment.  N.J.S.A. 18A:6-7.1(a).

The Legislature's use of the word "offense" in subsection (a) of N.J.S.A. 18A:6-7.1 corresponds with the disorderly persons offense of lewdness under N.J.S.A. 2C:14-4(a), which provide, "A person commits a disorderly persons offense if he does any flagrantly lewd and offensive act which he knows or reasonably expects is likely to be observed by other nonconsenting persons who would be affronted or alarmed."  When "the [statutory] language is clear, the court's job is complete."  In re DiGuglielmo, 252 N.J. 350, 360 (2022) (quoting In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014)).  While we are not unsympathetic to Cauvin based on his extensive teaching work history, a review of the applicable statutes makes clear that his lewdness conviction is a disqualifying offense.

We agree with the Commissioner's FAD finding that the ALJ erroneously revisited Cauvin's conviction.  The ALJ reviewed Cauvin's presently alleged facts regarding his 1997 lewdness offense and determined the conviction "did not represent any criminal activity" and "was not a disqualifying crime."  The validity of Cauvin's conviction was not before the ALJ, and his reliance on the Supreme Court's holding in J.O. was misplaced.  The Supreme Court in J.O.

considered that the defendants had timely appealed their lewdness convictions and reversed based on a full review of the specific facts established in the appellate record. 69 N.J. at 576 (holding the facts showed the defendants' consensual sexual acts "did [not] occur under circumstances in which the defendants could reasonably be deemed to have intended, or known, that their conduct was likely to be seen by the public"). As Cauvin concedes in his merits brief—"this matter does not provide a forum to re-litigate the [m]unicipal matter." Thus, the Commissioner's determination that the ALJ wrongly set aside Cauvin's conviction and jurisdiction was limited to the "controversies and disputes arising under the school laws" is supported. N.J.S.A. 18A:6-9.

We further conclude the DOE appropriately afforded Cauvin his due process rights under N.J.S.A. 18A:6-7.1. The Commissioner transmitted the matter to the OAL and the ALJ addressed the cross-motions for summary decision, providing a meaningful opportunity to be heard. As Cauvin admitted to the conviction, a DOE or OSP hearing under N.J.S.A. 18A:6-7.1(e) was not statutorily authorized. A hearing is afforded under the statute when an individual challenges "the accuracy of the disqualifying criminal history record." N.J.S.A. 18A:6-7.1(e). Further, a plain reading of N.J.S.A. 18A:6-7.1 supports Cauvin's mandatory permanent disqualification because it "appl[ies] to

14

criminal history record checks conducted on or after" the statute's 1998 amendment, P.L. 1998, c. 31.  While the ALJ disagreed with the statute's application, he was not free to "write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment or engage in conjecture or surmise which will circumvent the plain meaning of the act."  Doe v. Est. of C.V.O., 477 N.J. Super. 42, 59 (App. Div. 2023) (quoting Soto v. Scaringelli, 189 N.J. 558, 569-70 (2007)).

We also discern no error in the Commissioner's FAD finding that the ALJ's reliance on Caucino was misplaced.  In Caucino, we addressed a teacher's eligibility for retirement benefits after the teacher was "permanently disqualified from employment in a school system because of a conviction for a crime enumerated in N.J.S.A. 18A:6-7.1."  475 N.J. Super. at 409.  The teacher in Caucino had worked in a school district for almost ten years when New Jersey State Board of Education notified the school district of his permanently disqualifying conviction, resulting in the teacher's termination.  Id. at 409-10.  The ALJ wrongly interpreted our holding and misstated that Caucino "supports . . . any alleged disqualifying criminal misconduct must in some way involve an employee's official employment duties in order to qualify for the forfeiture of any vested rights under a New Jersey State Pension statute."  To be

A-1098-24

clear, in <u>Caucino</u> we addressed a teacher's pension eligibility after we acknowledged the teacher was permanently disqualified from public school employment under N.J.S.A. 18A:6-7.1 based on an enumerated offense conviction. <u>Id.</u> at 409.

Finally, we decline to address the Board's request in its merits brief that we conclude "regardless of what steps [Cauvin] might take to vacate or expunge his disqualifying criminal conviction, there is no basis to require . . . [it] to create a position or opening to re-employ" him. The parties did not fully address below the merits of the issues surrounding Cauvin's possible expungement. We generally decline to consider questions or issues not presented below when an opportunity for such a presentation is available unless the questions raised on appeal concern jurisdiction or matters of great public interest. <u>Nieder v. Royal Indem. Ins.</u>, 62 N.J. 229, 234 (1973); <u>see also</u> <u>Zaman v. Felton</u>, 219 N.J. 199, 226-27 (2014) (recognizing claims that are not presented to a trial court are inappropriate for consideration on appeal). As the Board's contention was not addressed, the issue is not properly before us.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1098-24